846 A.2d 672

In re the NOMINATION PETITIONS OF Senator Vincent J. FUMO as a Democratic Candidate for the Office of Pennsylvania State Senator, Representing the 1st Senatorial District,

Appeal of Dr. James Tayoun, Jr.

In re the Nomination Petition of Vincent J. Fumo, Pennsylvania State Senator.

Appeal of Donna McGinty.

In re Objections to the Nomination Petitions and Statement of Financial Interest of Vincent J. Fumo Candidate for Pennsylvania State Senate in the Democratic Primary in the First Senatorial District,

Objections of Dr. James Tayoun, Jr., Anthony Truscello, Jr. and Donna M. McGinty.

Appeal of James Tayoun, Jr., Donna M. McGinty and Anthony Truscello.

Supreme Court of Pennsylvania.

April 7, 2004.

Samuel C. Stretton, West Chester, for Donna M. McGinty and James Tayoun, Jr. et al.

Christopher B. Craig, Harrisburg, Ralph J. Teti, Philadelphia, for Vincent J. Fumo.

BEFORE: CAPPY, C.J., AND CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN AND BAER, JJ.

### *ORDER*

PER CURIAM.

**AND NOW**, this 7th day of April 2004 the Motion to Consolidate is hereby **GRANTED**. The appeals docketed at 17 and 18 EAP 2004 are hereby **AFFIRMED**. The appeal docketed at 11 EAP 2004 is **DISMISSED** as being **MOOT**.

Justice CASTILLE files a concurring and dissenting statement.

Justice CASTILLE concurring and dissenting.

I join in the mandate of affirmance in the appeal of the nomination petition challenge, which is docketed at Nos. 17 and 18 EAP 2004. This is so because I agree with the Commonwealth Court's ultimate conclusion on the merits in that matter—i.e., that the defects in the subject candidate affidavits are amendable. I respectfully dissent, however, from the Court's dismissal of the antecedent appeal in the mandamus action, which is docketed at No. 11 EAP 2004, on grounds of "mootness." I do not believe that this appeal is moot.

To the contrary, the mandamus action had a significant and deleterious effect upon appellant's ability to mount a meaningful nomination petition challenge on the merits. Indeed, after denying appellant leave to intervene in the mandamus action, the court below made findings which essentially eviscerated the basis for the nomination petition challenge. In many respects, the mandamus action became the "tail that wagged this dog" it was permitted to serve as an end-around the proper statutory process for challenging nomination petitions.

I have serious reservations about the propriety of the mandamus order that was issued in this case particularly because it was inexplicably unopposed by the Office of the Secretary of the Commonwealth, the party against whom it was brought; and the order of the Commonwealth Court

appears to have gone beyond the proper bounds of mandamus relief. On the latter point, it is settled that

> [W]hile a court may direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act. . . . In short, mandamus is chiefly employed to compel the performance (when refused) of a ministerial duty, or to compel action (when refused) in matters involving judgment or discretion. It is not used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken.

*Coady v. Vaughn,* 564 Pa. 604, 770 A.2d 287, 290 (2001) (quoting *Pa. Dental Ass'n v. Com. Ins. Dept.,* 512 Pa. 217, 516 A.2d 647, 652 (1986)).

Here, in issuing mandamus relief in this non-adversarial proceeding, the Commonwealth Court did not direct the Secretary of the Commonwealth to act, where the Secretary had previously refused to act. Nor did the court confine itself to ordering that the Secretary's discretion be exercised, one way or another. Instead, the court passed upon the very merits of the underlying claim concerning whether the nominating petition(s) contained a defect and whether or not the defect was amendable. In this regard, the court also made findings concerning the power of the Secretary to accept or reject petitions which I believe are, at the very least, debatable.

An erroneous exercise of the extraordinary power of mandamus should not be insulated by the inexplicable acquiescence of the administrative body which is targeted. Moreover, an inappropriate resort to mandamus should not be permitted to defeat the rights, statutory or otherwise, of citizens to challenge a nomination petition. Such procedural maneuverings should not be permitted to deprive this Court of the ability to exercise its supervisory authority over the tribunals below. I believe that this Court should examine whether the exercise of mandamus jurisdiction by the Commonwealth Court was appropriate in the first instance.

As a supervisory matter, I also believe that review of the merits of the mandamus action is important here because, by deciding the mandamus action first, despite being apprised of the imminent nomination petition challenge, the court below rendered this case far more complicated than it needed to be. As I noted last year in my dissenting statement in *In re Petition to Set Aside the Nomination Petition of Fitzpatrick,* 573 Pa. 514, 827 A.2d 375 (2003), unnecessary piecemeal review of election matters simply encourages further litigation, and exhausts much of the little review time afforded under the Election Code. Rather than burdening this Court with serial appeals in the same election matter, where time is of the essence, it is preferable to have a single proceeding, followed by a single appeal. If that route had been followed here, the mandamus action could have been mooted out in the court below—where it should have been deemed moot—and the substantive challenge could have proceeded below unencumbered.