12 A.3d 273

**In re the Nomination Petitions and Papers of Carl STEVENSON as a Candidate for State Representative in the 134th Legislative District.**

**Appeal of Carl Stevenson.**

Supreme Court of Pennsylvania.

Oct. 4, 2010.

Mary Catherine Roper, Witold J. Walczak, American Civil Liberties Foundation of PA, Paige Hennessey Forster, Kim M. Watterson, Reed Smith, L.L.P., Pittsburgh, for Carl Stevenson.

Louis Lawrence Boyle, for Bureau of Elections, Pennsylvania Department of State.

Lawrence M. Otter, Doylestown, for Michael W. Gibson and Robert W. Mader.

Shauna Christine Graves, for Secretary of the Commonwealth, amicus curiae.

## *ORDER*

PER CURIAM.

**AND NOW,** this 4th day of October, 2010, the order of the Commonwealth Court, which granted objectors-appellees' Petition to Set Aside candidate-appellant Carl Stevenson's Nominating Paper[1] and ordered the Secretary of the Commonwealth to strike appellant's name from the general election ballot for the office of State Representative in the 134th Legislative District, is hereby **VACATED** and the case is **REMANDED** for an immediate hearing to determine the individual signature challenges asserted in the Petition to Set Aside. We will retain limited jurisdiction, as explained below, but the Commonwealth Court is fully authorized to enter necessary orders to implement its ultimate decision.

Appellees petitioned to set aside appellant's Nominating Paper on grounds that appellant did not secure a sufficient number of valid signatures on his Nominating Paper to appear on the ballot. Appellees lodged two distinct objections to the

---

1. This appeal's caption indicates that both "nominating petitions and papers" are at issue, but appellant, who seeks office in the general election as an independent candidate, submitted a nominating paper and not a nominating petition, which would have been appropriate if he was seeking to run in a party primary. *See In re Nader,* 580 Pa. 22, 858 A.2d 1167, 1170 n. 1 (2004).

Nominating Paper: (1) a "global" challenge to three pages of signatures because the circulator of those pages was not a resident of the legislative district, in violation of 25 P.S. § 2911(d); and (2) challenges to individual signatures on the Nominating Paper, which appellees alleged were insufficient in number to qualify the Nominating Paper if the challenges proved meritorious. In response, appellant argued that the global challenge failed because Section 2911(d) was unconstitutional under the First Amendment to the U.S. Constitution to the extent it imposed a residency requirement. In support of his argument, appellant cited the decision in *Morrill v. Weaver*, 224 F.Supp.2d 882 (E.D.Pa.2002), which invalidated Section 2911(d) as unconstitutional to the extent it requires that nominating paper affiants in Pennsylvania must be residents of particular electoral districts, and permanently enjoined the Commonwealth from enforcing the provision. Appellant also argued that the Secretary of the Commonwealth, who did not appeal the decision in *Morrill*, had altered its Nominating Paper form and instructions to comply with the permanent injunction, and that he had relied upon the forms, and advice from the Department of State, before engaging a non-resident circulator to secure nomination signatures. With respect to the individual signature challenges, the parties did not reach an agreement on whether appellant had sufficient valid signatures, aside from the global challenge; it appears that a very small number of signatures remained in dispute.

■ At the suggestion of appellees, the lower court deemed the global challenge to be dispositive; sustained the challenge and rejected appellant's First Amendment claim and his claim of reliance upon the Secretary's implementation of *Morrill*; ordered that appellant's name be stricken from the ballot; and did not pass upon the individual signature challenges. The court thus resolved the challenge in a manner implicating a novel constitutional question, and failed to decide a potentially dispositive non-constitutional challenge. We caution the lower courts that, in election appeals, where there is a severely truncated time-frame afforded for challenge and appeal, it is important, where possible, to decide all issues in one timely

proceeding, so as to avoid the prospect of multiple appeals, as will be occasioned by the lower court's decision in this case. *See In re Nominating Petitions of Senator Vincent J. Fumo,* 577 Pa. 496, 846 A.2d 672, 673–74 (2004) (Castille, J., concurring and dissenting statement) (noting that "unnecessary piecemeal review of election matters ... exhausts much of the little review time afforded under the Election Code.... [W]here time is of the essence, it is preferable to have a single proceeding, followed by a single appeal" and citing *In re Petition to Set Aside Nomination Petition of Kathleen M. Fitzpatrick,* 573 Pa. 514, 827 A.2d 375, 384 (2003) (Castille, J., dissenting statement, joined by Nigro and Eakin, JJ.)). There appears to be no evident reason why a timely, complete decision could not have been rendered here.

Furthermore, we remind the court below that, as a general matter, it is better to avoid constitutional questions if a non-constitutional ground for decision is available. *See, e.g., Commonwealth v. Karetny,* 583 Pa. 514, 880 A.2d 505, 519 (2005) ("[T]his Court seeks to avoid constitutional issues if the claim may be resolved on alternative grounds."). It is particularly ill-considered to ignore the non-constitutional ground and then reach a constitutional question where, as here, the decision is disruptive of an existing permanent federal injunction which binds Commonwealth election officials.

On appeal, appellant renews his argument that application of the residency requirement is unconstitutional under the First Amendment, emphasizing, as he did below, the Secretary's actions implementing the *Morrill* decision. Appellant requests that we reverse the decision below, declare the Section 2911(d) residency requirement unconstitutional and unenforceable, and remand the case for full consideration of appellees' signature challenges. Appellees respond that remand for consideration of the individual signature challenges would be appropriate, so as to avoid the First Amendment question raised, but then provide a brief alternative argument to support affirmance.

█ We find that vacatur and remand to consider the individual signature challenges is appropriate. The decision below on appellees' global challenge is not sustainable on the record before this Court, and thus, the court's order directing that appellant's name be stricken from the ballot must be vacated, and the case remanded for the lower court to decide the individual signature challenges. Neither the lower court nor appellees have forwarded any substantive justification of the court's rejection of appellant's First Amendment argument. Nor do the lower court or appellees respond to appellant's related claim of reliance upon the Secretary's actions and directions which, in the Secretary's words, were designed "to conform with the decree of permanent injunction that was issued against the Secretary ... by the federal court in *Morrill v. Weaver." Amicus* Brief at 2, 5.[2]

█ In response to appellant's First Amendment argument, the court, in its opinion, merely notes that it was not bound by the decisions of the lower federal courts, even on federal questions, and thus it is not bound by *Morrill.* Op. at 276. This proposition is true, of course, but it does not answer appellant's substantive claims. The power to not be bound by lower federal court rulings does not absolve a state court of its obligation to decide properly presented federal claims on the merits.[3] The court never offered any substantive evaluation of First Amendment principles to support its rejection of appellant's argument, and the cases it cites likewise do not engage the merits of appellant's First Amendment argument. Nor did the court address the significance of executive acquiescence in *Morrill* or appellant's reliance argument. The court, in short, ruled against appellant on appellees' global challenge, and ordered the Secretary to strike him from the ballot, without engaging his arguments in meaningful fashion. Like-

2. The Secretary advises that, in the wake of *Morrill,* and upon the advice of the Attorney General, the Commonwealth made a conscious decision to not appeal the federal court's final decree and permanent injunction, but instead, determined to comply with the decision. *Amicus* Brief at 5.

3. The court did not suggest that appellant's First Amendment claim was inadequately presented or developed.

wise, although appellees offer an alternative argument in support of affirmance, they do not address the merits of appellant's First Amendment claim or of his claim of reliance upon the Secretary's implementation of the *Morrill* decision. There is nothing in the record or the pleadings below providing a basis for this Court to affirm the existing decision removing appellant from the ballot.[4] On this record, appellant is entitled to relief from the order below and a remand to determine the individual signature challenges.

Turning to the further relief requested by appellant—a declaration that Section 2911(d)'s residency requirement is "unconstitutional and henceforth unenforceable"—we note the controlling need to expedite this matter, with the general election upon us; and note also that, because we have already found that appellant is entitled to vacatur of the lower court's decision on the First Amendment issue, we need not determine the ultimate merit of the constitutional question, at this point, in order to ensure a timely resolution of this particular election challenge. We further note the impediment to an expeditious resolution of the substantive constitutional question presented by the fact that we do not have responsive advocacy addressing the merits of the First Amendment challenge to the statute. However, recognizing the importance of the question, its potential to recur, and the uncertainty arising from the existence of the permanent injunction in *Morrill*, as identified by the Secretary's *amicus* brief, we will reserve limited jurisdiction to issue a supplemental decision, or direct further briefing, if such course proves advisable upon further consideration of the issue.

Therefore, the order of the Commonwealth Court is vacated, and the case is remanded to the court below for an **immediate** hearing and determination of the individual signa-

4. At the hearing below, both appellees' counsel and the court offered various factual distinctions with regard to *Morrill*, but none of those proffered distinctions addressed substantive First Amendment law, or appellant's reliance argument, and their relevance as a rebuttal of appellant's argument is not self-evident. Notably, the lower court did not cite the factual distinctions in its opinion as a basis to support its ruling.

ture challenges asserted in the Petition to Set Aside. The Commonwealth Court is directed to issue an order forthwith either dismissing or sustaining the challenge, and implementing its decision as necessary. Jurisdiction is otherwise retained.

