2021 PA Super 174

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CARR | : | |
| | : | |
| Appellant | : | No. 1684 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 23, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011721-2018

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

OPINION BY BOWES, J.:                    **FILED: AUGUST 30, 2021**

Shawn Carr appeals from his July 23, 2019 judgment of sentence of two years of probation, which was imposed after he pleaded guilty to indecent assault.  After careful review, we vacate Appellant's judgment of sentence and remand with instructions.

This appeal largely pertains to the special probation conditions imposed upon Appellant, who was charged by criminal information with a number of offenses in connection with a sexual assault he perpetrated against an adult victim, Somalya Robinson, on July 14, 2018, in an apartment located near downtown Pittsburgh, Pennsylvania.  As it is relevant to our disposition, we note that Appellant is deaf and communicates primarily through American Sign Language ("ASL") and interpreters.  The victim is also deaf.

On July 23, 2019, Appellant pled guilty to indecent assault in exchange for the Commonwealth withdrawing the remaining charges.  **See** N.T. Guilty

Plea & Sentencing, 7/23/19, at 5-17. That same day, Appellant was sentenced[1] and ordered to comply with the following conditions:

**Contact**:

The offender is not to have contact with children under the age of 18, beyond incidental business contact, unless approved by the probation/parole officer. The offender is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

The offender shall further not associate with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the offender's current offense, criminal background[,] and who has been approved by the probation officer.

. . . .

**Employment**:

The defendant shall not be employed in or participate in any volunteer activity that involves contact with children, except under circumstances approved in advance and in writing by the supervising probation/parole officer.

. . . .

**Computer/Internet Access**:

The defendant shall not possess or use a computer with access to any "online computer service," or any other electronic device that allows internet connections and/or access at any location (including employment) without the prior written approval of the

_____

[1] At the same hearing, Appellant was sentenced in a separate criminal matter at docket number CP-02-CR-0011720-2018 to an aggregate term of five to ten years of imprisonment after a jury found him guilty of sexual assault. Appellant's sentence of probation in the instant case is not set to begin until his incarceration at case number 11720-2018 has been served. **See** N.T. Guilty Plea & Sentencing, 7/23/19, at 33.

probation/parole officer. This includes any internet services provided, bulletin board system or any other public or private computer network.

Charge Specific Special Conditions, 5/26/20, at 1-2. Appellant was also informed of his obligation to register as a sexual offender under Subchapter H of the Pennsylvania Sentencing Code. *See* 42 Pa.C.S. §§ 9799.10-9799.42. He was not adjudicated a sexually violent predator ("SVP").

During Appellant's colloquy, he objected to the conditions of probation restricting his contact with minors and curtailing his use of computers and electronic devices with Internet capabilities. *See* N.T. Guilty Plea & Sentencing, 7/23/19, at 13-15. Specifically, Appellant asserted that there was an insufficient nexus between these proscriptions and his crimes. He argued further the technological probation restrictions would be too "onerous" due to his reliance upon such technology to communicate effectively as a deaf person. *Id*. at 15.

At the conclusion of the hearing, the court sentenced Appellant to comply with the above-quoted probation conditions. *Id*. at 33-34. The court also spoke to the objections raised by Appellant:

> I think based on a totality of the circumstances evaluation, that all of the charge[-]specific conditions apply, with one caveat. I will note that it will be the duty of his [probation officer] to determine to what extent he may use the internet to communicate for bona fide employment, educational or treatment purposes. And I will note that on the form.

- 3 -

*Id*. On the order, the court noted that Appellant's probation officer must "tailor the Internet ban" to accommodate Appellant's "hearing impairment." Charge Specific Special Conditions, 5/26/20, at 3.[2]

On August 1, 2019, Appellant filed a timely post-sentence motion challenging the above-quoted conditions. Specifically, he asserted the conditions were not sufficiently justified by the underlying circumstances of the instant offense and his rehabilitative needs. He also raised certain constitutional arguments.[3] On October 17, 2019, the court held a hearing on Appellant's post-sentence motion. Appellant relied upon *Commonwealth v. Houtz*, 982 A.2d 537, 539-40 (Pa.Super 2009), wherein this Court concluded that a probation condition providing that a defendant "not possess or have access to a computer, or otherwise access the Internet," was unreasonable where there was "no nexus between the offense charged and access to a

_____

[2] Although Appellant was sentenced on July 23, 2019, the text of the probation conditions was not appended to the record in this case until the parties filed a stipulation pursuant to Pa.R.A.P. 1926 on May 26, 2020.

[3] With respect to the technology constraints imposed by the sentencing court, Appellant argued that these terms violate the First and Fourteenth Amendments to the U.S. Constitution pursuant to the U.S. Supreme Court's holding in *Packingham v. North Carolina*, ___ U.S. ___, 137 S.Ct. 1730, 1738 (2017) (holding that a statute categorically barring registered sex offenders from accessing "commercial social networking sites" on the Internet intruded upon "the legitimate exercise of First Amendment rights"). The Commonwealth sought to distinguish *Packingham* by arguing it only concerned "a general prohibition that applied to all sex offenders" regardless of whether they were on probation. *Id*. at 14. Ultimately, the sentencing court found that *Packingham* was "inapposite." *Id*. at 18.

- 4 -

computer" or the Internet. Thus, he asserted that his probation conditions were unreasonable.

The sentencing court, however, credited the Commonwealth's counterargument that Appellant's misconduct had targeted deaf victims in the past and concluded that he posed a potential danger to children, as well:

> [Appellant] is very aware that he, himself, has a vulnerability. He is challenged in his abilities to communicate. Being aware of all that limitation entails in his day-to-day life, he has nonetheless sought out victims who are similarly challenged in their ability to communicate in both of these cases. . . .[4] No one in society really is more vulnerable than a child.
>
> My concern in fashioning the sentence that I did was that having struck out now twice with victims who are challenged in the way that the two victims in these cases are challenged, he might move on to a different class of victim who is equally vulnerable.

N.T. Post-Sentence Hearing, 10/17/19, at 9-10. Over objections from Appellant's counsel, the court also emphasized that Appellant's presentence report indicated that he had been charged with, but not yet convicted of, possession and creation of child pornography in Virginia. *Id*. at 8-10. Thus, it concluded that Appellant's probation conditions concerning minors were "not unreasonable" in view of the totality of the circumstances. *Id*. at 10.

---

[4] The sentencing court also oversaw Appellant's jury trial in connection with a sexual offense involving a separate deaf victim who was in her fifties at the time of assault at docket number CP-02-CR-0011720-2018. Ultimately, a jury convicted Appellant of statutory sexual assault in this separate matter prior to Appellant's guilty plea and sentencing in the above-captioned case. *See* N.T. Hearing, 7/23/19, at 2. Appellant's judgment of sentence was affirmed by this Court in *Commonwealth v. Carr*, ___ A.3d ___, 2021 WL 2105504 (Pa.Super. May 25, 2021) (non-precedential decision).

With respect to the technology restrictions, the sentencing court also noted that it was "troubled by [Appellant's evident] fixation with pornography" and again referenced the outstanding Virginia charges:

> There is a pattern here of [Appellant] having this sort of unnatural interest in pornography coupled with, as I said before, these matters that he has outstanding in Fairfax County, Virginia. They're troubling to the Court and I think that the imposition of this condition [struck] a balance between the protection of society and [Appellant's] liberty interest.
>
> . . . .
>
> You know, [defense counsel,] if you or [the assistant district attorney] wants to go home and search the [I]nternet for adult porn, that is your business but you have not been convicted of sexually related crimes and [Appellant] has. . . . [I]t's without question in my mind that the provision is appropriate[.]

*Id*. at 19. The sentencing court then suggested that it might be open to scaling back these restrictions if Appellant achieved a favorable outcome with respect to the then-pending charges in Virginia:

> Now, keeping in mind, of course, I'm leaving the door open here. [Appellant] is going to Fairfax, Virginia, take care of his business in Virginia, and deal with those child porn cases and those computer-related child solicitation cases. Look, if he hits a home run and he's found not guilty or those charges go away, I'm open to revisiting this issue and tailoring the ban on the [I]nternet usage more narrowly, I have an open mind in that regard, but I'm sure not going to do it now, not with those on the table. That would be reckless of me to do.

*Id*. at 20-21. Accordingly, the sentencing court denied Appellant's motion.

Appellant filed a timely notice of appeal to this Court. On November 21, 2019, the sentencing court ordered Appellant to filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-

one days. No extensions were requested or granted. On December 23, 2019, Appellant filed an untimely concise statement through counsel. On March 19, 2020, the sentencing court forwarded a letter to this Court indicating that no opinion would be filed pursuant to Rule 1925(a).

Appellant has raised four issues in his brief to this Court:

I. Where Appellant's pled-to offense did not involve the Internet or a computer and he has a constitutional right to access the Internet, and the sentencing court imposed a condition of probation prohibiting Appellant from possessing any device with access to the Internet, did the sentencing court abuse its sentencing discretion and/or impose an illegal sentence?

II. Where Appellant's pled-to offense did not involve minors, and the sentencing court imposed a condition of probation prohibiting Appellant from having contact with minors, did the sentencing court abuse its sentencing discretion and/or impose an illegal sentence?

III. Where the sentencing court imposed a condition of probation allowing unannounced, suspicion-less searches, did the sentencing court abuse its sentencing discretion and/or impose an illegal sentence?

IV. Whether Appellant's sentence is illegal because it requires him to register under Pennsylvania's sexual offender Internet registry and it requires him to register under an unconstitutional registration scheme?

Appellant's brief at 5 (cleaned up; issues reordered).

Before engaging with the merits of these issues, we must address the untimeliness of Appellant's Rule 1925(b) concise statement. When Appellant was directed and required to file it, he was represented by Steven Tehovnik, Esquire, of the Public Defender's Office of Allegheny County. "An attorney's failure to file and serve a timely [Rule] 1925(b) statement in a criminal case

is a failure to perfect the appeal, it is presumptively prejudicial and clear ineffectiveness." **Commonwealth v. Presley**, 193 A.3d 436, 441 (Pa.Super. 2018). "Accordingly, in criminal cases, remand, not waiver, results from the late filing of a statement, unless the trial court addressed the issues raised in a late-filed statement. In those circumstances, no remand is necessary, and this Court may address the merits of issues." **Id**.; **see also** Pa.R.A.P. 1925(c)(3). Ordinarily, we would remand this case to the sentencing court for the preparation of a Rule 1925(a) opinion addressing the issues raised in Appellant's untimely concise statement.

However, the original jurist presiding in this case is unavailable to author a responsive opinion. Therefore, no purpose would be served by remanding this matter as the record already establishes that the preparation of an adequate Rule 1925(a) opinion is not possible. **See** Letter, 3/19/20, at 1 ("Due to the Court's unavailability and the unforeseeable nature of its duration, . . . [t]he record shall be transmitted without an opinion as required under [Rule] 1925(a) in order to avoid undue delay."). Our case law provides that where the original trial judge is "unavailable to provide a supplemental opinion," we are permitted to review both "legal issues" and "factual findings" implicated by an appeal without the benefit of a Rule 1925(a) opinion. **See**, **e.g.**, **Dolan v. Hurd Millwork Company, Inc.**, 195 A.3d 169, 176 (Pa.

2018). Thus, we will address the issues raised in Appellant's untimely filing.[5]

*Id*.

Although set forth as a single issue, Appellant's first claim consists of two separate challenges to the probation condition restricting his use of computers and the Internet and Internet-capable devices. Appellant's initial argument asserts that the condition is unreasonable due to the lack of a nexus between it and Appellant's crime and rehabilitative needs. ***See Houtz***, ***supra*** at 539-41. His second argument raises constitutional claims grounded in the First and Fourteenth Amendments to the United States Constitution.

We will begin by reviewing Appellant's reasonableness arguments, which constitute a challenge to the discretionary aspects of his sentence.[6] ***See Houtz***, ***supra*** at 539. Appellant is not entitled to review of this claim as of right, but must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence

---

[5] Although ***Dolan v. Hurd Millwork Company, Inc.***, 195 A.3d 169, 176 (Pa. 2018) was a civil matter, we can discern no reason why its holding concerning a generally-applicable Rule of Appellate Procedure should not apply with equal force in the criminal context.

[6] Appellant also asserts that this issue simultaneously implicates the legality of his sentence. ***See*** Appellant's brief at 31-32. However, Appellant merely parrots the same argument that concerns the discretionary aspects of his sentence. ***Id***. To the extent that Appellant relies upon separate grounds for relief with respect to this issue, we find any such argument waived for a lack of adequate discussion. ***See Commonwealth v. Janda***, 14 A.3d 147, 164 (Pa.Super. 2011) (holding that appellant waived argument by citing "no law or evidence of record in support of his arguments") (citing Pa.R.A.P. 2119).

motion; (3) including a concise statement in his brief pursuant to Pa.R.A.P. 2119(f); and (4) raising a "substantial question" that the sentence appealed from is not appropriate under the Pennsylvania Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010).

Appellant has satisfied all four prerequisites with respect to his first claim. He has filed a timely appeal, properly preserved this issue in post-sentence motion practice, and included a Rule 2119(f) statement in his brief to this Court. Furthermore, a claim that a particular probation condition is not reasonable due to the lack of a nexus between the restriction and the rehabilitative needs of the defendant has previously been found to present a substantial question in this context. *See Commonwealth v. Starr*, 234 A.3d 755, 760 (Pa.Super. 2020) (citing *Houtz*, *supra* at 539). Thus, we will address the merits of this part of Appellant's first claim for relief.

Appellant is challenging the reasonableness of the probation condition restricting his use of computers on two closely interrelated grounds. First, Appellant asserts that "this case is on all fours with *Houtz*" in that "[n]o nexus was shown between [Appellant's] offense, which did not involve any allegation of use of a computer or the Internet in furtherance of the crime," and the special conditions imposed by the sentencing court. Appellant's brief at 34, 38. Additionally, he argues the sentencing court assigned undue weight to the charges against him in Virginia. *Id*. at 29-30, 36.

As a general matter, the sentencing court is charged to impose a sentence that is "consistent" with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Our standard of review in this context is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 564-65 (Pa. 2007). In conducting our review, this Court must also "have regard" for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the Pennsylvania Sentencing Guidelines. 42 Pa.C.S. § 9781(d)(1)-(4).

With specific reference to probation conditions, the sentencing court is required to impose "reasonable conditions" that "it deems necessary to ensure

or assist the defendant in leading a law-abiding life." 42 Pa.C.S. § 9754(c). The scope and substance of probation conditions is governed by 42 Pa.C.S. § 9763(b), which provides a non-exhaustive list of potential conditions. Pursuant to a catchall provision in this statute, the sentencing court is generally empowered to impose probation conditions that require a defendant "to do things" that are "reasonably related to rehabilitation." 42 Pa.C.S. § 9763(b)(15). This Court has interpreted this statutory rubric as follows:

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserve the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life. Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them.

*Commonwealth v. Hartman*, 908 A.2d 316, 320 (Pa.Super. 2006) (internal citations omitted). Thus, "[w]hile sentencing courts have discretion to impose conditions of probation, such conditions must be reasonable and devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of law-abiding conduct." *Commonwealth v. Hall*, 80 A.3d 1204, 1215 (Pa. 2013).

Appellant's arguments concerning *Houtz* comprise a large portion of his claim for relief. In that case, Houtz pleaded guilty to corruption of a minor and indecent assault in connection with her inappropriate sexual contact with a fifteen-year-old child. She was sentenced to a term of probation that included "a condition that she not possess or have access to a computer, or

- 12 -

otherwise access the Internet[.]" *Id*. at 540. Houtz challenged, *inter alia*, the validity of this restriction on the grounds that it was not reasonably related to her rehabilitation or the crimes she committed. Furthermore, she asserted that the restrictions would curtail "her continued receipt of food stamps and medical benefits for her family" by preventing her from complying with her employment search requirements. *Id*. Finally, Houtz also claimed that the restriction would inhibit her ability "to access online courses to facilitate her ability to obtain a medical transcription certificate[.]" *Id*. at 541.

The trial court in *Houtz* affirmed pursuant to *Hartman*, *supra* at 321 ("[A] defendant who uses his computer and other Internet capable equipment to access pornographic photographs of young girls [may] be prohibited from using a computer or other Internet capable equipment while on probation."). On appeal, this Court concluded that the trial court had erred:

> We disagree with the trial court's computer/Internet restriction as a condition of [Houtz's] probation, especially where there is no nexus between the offense charged and access to a computer/Internet.
>
> The trial court's reliance upon [*Hartman*] to buttress its prohibition of Appellant's use of a computer/Internet misses the mark because Hartman's crime involved having child pornography on the hard drive of his computer. Herein, there is no evidence that [Houtz's] sexual offense involving a minor child was facilitated by or incorporated the use of a computer/Internet.
>
> . . . . [C]ontinued endorsement of such a restriction would [also] curtail Appellant's efforts to make positive changes to improve her life and that of her children.
>
> Moreover, this Court's attention to the punitive nature of the computer/Internet prohibition centers upon the absence of any

- 13 -

facts recited by the Commonwealth or the trial court which would allow this Court to conclude that such a restriction is reasonably related to Appellant's rehabilitation. *See* 42 Pa.C.S. § 9754. Stated otherwise, there is no evidence that Appellant used the computer/Internet for sexually explicit material involving minors or that she used the computer/Internet as a source to establish and cultivate relationships.

For all of the reasons set forth above, we hold that the trial court's denial of Appellant's petition to strike the condition of probation prohibiting her use of a computer and/or access the Internet is unreasonable and inappropriate.

*Houtz*, *supra* at 540-41.

Appellant's reliance upon **Houtz** is apposite. There is no evident nexus between the crime to which Appellant pled guilty and the restrictions upon his ability to use computers, smartphones, and the Internet. Furthermore, Appellant presented unchallenged testimony that these technological restrictions would severely restrict his ability to communicate effectively with the speaking world.[7] **See** N.T. Guilty Plea & Sentencing, 7/23/19, at 15 ("[U]sing a computer or cell phone to access that is very important to me. Using a technology called the video phone, that's how I make phone calls for

---

[7] In addition to the probation conditions, the sentencing court made a notation directing Appellant's probation officer to "tailor the Internet ban" to accommodate Appellant's "hearing impairment." Charge Specific Special Conditions, 5/26/20, at 3. Since this holding vacates the underlying probation condition on separate grounds, we will not address the merits of this issue further. However, we note that "the legislature has specifically empowered the court, not the probation officers and not any individual probation officers, to impose the terms of probation." **Commonwealth v. Vilsaint**, 893 A.2d 753, 756 (Pa.Super. 2006). Thus, "a sentencing court may not delegate its sentencing decision to any person or group." **Commonwealth v. Klein**, 795 A.2d 424, 431 (Pa.Super. 2002).

work or to let someone know of an emergency."). We have little trouble extrapolating the ways in which such an indiscriminate ban could negatively impact Appellant's ability to better himself.

However, there **is** one factual source of information concerning Appellant's alleged used of a computer in an illicit sexual fashion, namely, the charges brought against him in Virginia that were pending at the time of sentencing. "[A] court in imposing sentence may consider prior arrests . . . as long as the court realizes that the defendant had not been convicted on those prior charges." ***Commonwealth v. Thomas***, 483 A.2d 974, 978 (Pa.Super. 1984). Furthermore, "[t]he contents of a pre-sentence report may include references to all arrests, what ever [sic] the disposition of the case." ***Commonwealth v. Allen***, 489 A.2d 906, 911 (Pa.Super. 1985). Nonetheless, the sentencing court may not assign "undue weight" to such charges. ***See Commonwealth v. Craft***, 450 A.2d 1021, 1024 (Pa.Super. 1982); ***Commonwealth v. Womack***, 2019 WL 5849223, at *3 (Pa.Super. Nov. 7, 2019).[8] This Court has previously held that a sentencing court errs when it treats a prior arrest as demonstrative of "criminal conduct" because it

---

[8] ***Commonwealth v. Womack***, 2019 WL 5849223 (Pa.Super. Nov. 7, 2019) is a non-precedential memorandum, but we may cite it for its persuasive value. ***See Commonwealth v. Smith***, 244 A.3d 13, 17 n.6 (Pa.Super. 2020) ("[N]on-precedential decisions of this Court filed after May 1, 2019, "may be cited for their persuasive value.") (citing Pa.R.A.P. 126(b)(1)(-(2)). Here, we cite ***Womack*** for the limited proposition that our case law concerning undue weight and pending charges is still controlled by the above-cited precedent.

ignores the defendant's entitlement to a "presumption of innocence" and amounts to "basing a sentence not simply on evidence not before the court but on no evidence at all." ***Commonwealth v. Shoemaker***, 313 A.2d 342, 347 (Pa.Super. 1973); ***see also Thomas***, ***supra*** at 979 ("[T]he relevancy of a prior conviction is far greater than that of a mere arrest since a defendant could conceivably be exonerated thereafter.").

Instantly, the sentencing court's heavy reliance upon the charges pending against Appellant in Virginia transgressed these limits. As a threshold matter, the court was permitted to consider this evidence and it accurately noted Appellant's still-presumed innocence. However, it is equally clear from the certified transcripts that the sentencing court treated these unproven charges against Appellant as proof positive of his criminal conduct. The court repeatedly emphasized its "concern" with these charges and stated that it was "troubled" by them. ***See*** N.T. Post-Sentence Motion, 12/17/19, at 3, 8-9, 19-21. Throughout the hearing on Appellant's post-sentence motions, the court's discussion assumed Appellant had already been adjudged guilty of some sexual offense related to computers or the use of the Internet. ***Id***. Indeed, the court went so far as to suggest that it would be "reckless" to **not** impose a technology proscription while these charges were "on the table." ***Id***. at 21. And though it acknowledged the sheer possibility that Appellant might eventually be exonerated; the court intimated that it would take a "home run" for Appellant to prevail against such allegations. ***Id***. Indeed, most

- 16 -

troublingly, the sentencing court stated that these restrictions could be altered only after Appellant had been acquitted of these Virginia charges. *See* N.T. Post-Sentence Hearing, 10/17/19, at 20-21. In effect, the sentencing court presumed Appellant to be guilty of these largely undescribed charges and placed the onus upon him to establish his innocence. *See*, *e.g.*, *Commonwealth v. Sheppard*, 324 A.2d 522, 524 (Pa.Super. 1974) ("In placing the burden upon the defendant to rebut a presumption of guilt, the court committed an error of basic and fundamental dimensions . . . .").

In sum, the charges brought against Appellant in Virginia were not a mere factor considered by the sentencing court but served as the lynchpin and focus of its imposition of the restrictions upon Appellant's use of computers and the Internet.[9] Thus, the sentencing court erred in attaching undue weight to charges not yet prosecuted or proved. *See Shoemaker*, *supra* at 347.

_____

[9] Both at sentencing and during the hearing on Appellant's post-sentence motion, the court expressed significant concern about Appellant's apparent fixation with pornography that dated back to 1998 and included instances where he stole pornography from third parties. The trial court's discussion suggests that the technology restrictions are imperative to curb Appellant's access to such materials. However, we note that one of the unchallenged probation conditions in this case prohibits him from possessing or using "any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media and computer programs or services that are relevant to the offender's deviant behavior pattern." Charge Specific Special Conditions, 5/26/20, at 2.

Even assuming, *arguendo*, that this error, alone, does not automatically entitle Appellant to relief,[10] it lends dispositive credence to Appellant's arguments under **Houtz**. Viewing the relevant evidence without distortion, only a tenuous and speculative connection exists between the facts at the time of sentencing and the probation conditions proscribing Appellant's use of the Internet and Internet-capable devices. As in **Houtz**, there is an insufficient "nexus" between "the offense charged and access to a computer" or the Internet. **Houtz**, **supra** at 540. Furthermore, this stringent restriction would impede Appellant's ability to communicate effectively given his hearing impairment. **Id**. at 540. Although there is a possibility that Appellant may be adjudged guilty of these allegations at some future date, at the time of sentencing there was an "absence of any facts recited by the Commonwealth or the trial court which would allow this Court to conclude that such a restriction is reasonably related to Appellant's rehabilitation." **Id**. at 541.

_____

[10] In **Commonwealth v. Shoemaker**, 313 A.2d 342 (Pa.Super. 1973), this Court ultimately declined to vacate Shoemaker's sentence of incarceration despite a trial court error in considering charges against the defendant that had not yet resulted in convictions as demonstrative of "criminal conduct." Specifically, this Court concluded that Shoemaker had failed to demonstrate that his sentence was also the product of "misinformation" or otherwise "excessive." **Id**. at 347-48. The instant case is readily distinguishable. Here, Appellant's entitlement to relief is predicated upon the **result** of the court affording undue weight to the charges brought against him in Virginia. Unlike in **Shoemaker**, this is not a mere procedural violation. Rather, the sentencing court here afforded undue weight to pending criminal charges in order to justify the imposition of unreasonable probation conditions. **See Commonwealth v. Houtz**, 982 A.2d 537, 539-40 (Pa.Super 2009).

The sentencing court erred and abused its discretion by imposing an unreasonable and inappropriate probation condition restricting Appellant's use of various electronic devices and the Internet. These conditions must be vacated. Since we grant relief on separate grounds, we will not address the merits of Appellant's constitutional claims. *See*, *e.g.*, *In re Stevenson*, 12 A.3d 273, 275 (Pa. 2010) ("[I]t is better to avoid constitutional questions if a non-constitutional ground for decision is available.").

Turning to Appellant's second issue challenging the probation conditions restricting his contact with minors on identical grounds, we are constrained to reach a similar conclusion. The only relevant indicia that would create a factual nexus between these restrictions and Appellant's rehabilitative needs are the same unproven charges from Virginia. *See* Appellant's brief at 31 ("There is no evidence that [Appellant] committed any crime involving minors."). As above, the sentencing court's discussion clearly evinces that it treated Appellant as if he had already been found guilty of these charges. *See* N.T. Post-Sentence Motion, 10/17/19, at 8-10. Accordingly, this evidence was erroneously afforded undue weight. *See Shoemaker*, *supra* at 347. While the sentencing court was motivated by a commendable desire to safeguard children, we cannot endorse the imposition of these sweeping restrictions

without a clearer factual connection to the instant case.[11] *See Houtz*, *supra* at 540-41. In conformity with our earlier discussion, the sentencing court erred and abused its discretion in imposing unreasonable conditions restricting Appellant's contact with minors. These conditions must also be vacated.

Appellant's third claim concerns an allegation that the probation conditions imposed by the sentencing court would permit his probation officer to conduct "suspicionless" searches of any electronic devices owned by Appellant. *See* Appellant's brief at 54-59. Appellant has advanced this claim in response to a discussion that took place at the conclusion of the hearing on Appellant's post-sentence motion. *See* N.T. Post-Sentence Motion, 10/17/19, at 21-26. During this exchange, the court sought clarification from the parties regarding what types of oversight a probation officer might be permitted over Appellant's use of electronic devices. Ultimately, the sentencing court conceded that a probation officer would have to possess "some level of suspicion" to conduct a search of such property. *Id*. at 23.

---

[11] The sentencing court sought to justify this probation condition by arguing that Appellant has been convicted of crimes involving deaf victims in the past. Thus, it asserted that he may begin targeting children. *See* N.T. Post-Sentence Motion, 10/17/19, at 7-10. These arguments also inappropriately focused upon the pending charges against Appellant in Virginia. *Id*. The imposition of probation conditions must not rely exclusively upon speculation concerning the defendant's guilt based upon facts not in evidence. *See*, *e.g.*, *Commonwealth v. Houtz*, 982 A.2d 537, 539-40 (Pa.Super 2009); *Commonwealth v. Shoemaker*, 313 A.2d 342, 347 (Pa.Super. 1973).

At the conclusion of the hearing, Appellant requested that the court include a provision in the probation conditions explicitly requiring a probation officer to possess "reasonable suspicion" before conducting such a search. *Id*. at 26 ("[I]t appears that the condition of probation as it was imposed regarding to the searches would allow random suspicionless searches."). The sentencing court declined to do so, stating: "I'm not going to paint probation officers into a corner by imposing [a] particularized level of suspicion. I'm just saying there has to be some level of suspicion and I'll deal with it on a case-by-case basis." *Id*. at 27. The text of the conditions imposed contained the following passage: "[Appellant] shall submit to the [probation officer] conducting periodic unannounced examinations of the defendant's computer equipment[.]" Charge Specific Special Conditions, 5/26/20, at 2.

The challenged passage quoted above appears in the portion of Appellant's probation conditions prohibiting him from using the Internet or Internet-capable devices, which we declared unreasonable above based upon separate grounds. Thus, this claim is moot as we have already granted Appellant the relief requested.[12] Accordingly, we will not address it further.

_____

[12] Although we express no opinion on the merits of Appellant's claim, we note that a probation officer is entitled to conduct a search of a probationer's property only "if there is a reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of probation." 42 Pa.C.S. § 9912(d)(2). *See also Commonwealth v. Wilson*, 67 A.3d 736, 745 (Pa. 2013) ("[S]entencing courts are not empowered to

*(Footnote Continued Next Page)*

- 21 -

Appellant's final set of claims challenge the validity of his obligation to register as a sexual offender under Subchapter H of the Pennsylvania Sentencing Code.[13]  ***See*** 42 Pa.C.S. §§ 9799.10-9799.42.  He has raised these issues for the first time in his reply brief and asserts that this statutory scheme subjects him to an "irrebuttable presumption" of recidivism.  ***See*** Appellant's reply brief at 14 ("Subchapter H presumes that [Appellant], like all registrants, is dangerous and incapable of rehabilitation and provides no avenue to challenge that presumption[.]").  These allegations implicate his right to reputation under Art. I, § 1 of the Pennsylvania Constitution, which was discussed in this context by the Pennsylvania Supreme Court in ***Commonwealth v. Torsilieri***, 232 A.3d 567, 596 (Pa. 2020) (expressing no opinion on the merits of a defendant's arguments concerning a presumption of recidivism under Subchapter H and remanding for further proceedings in the trial court).  Overall, Appellant's discussion raises issues that uniformly sound in due process.  ***See*** Appellant's reply brief at 14-36.

---

direct that a probation officer may conduct warrantless, suspicionless searches of a probationer as a condition of probation.").

[13]  The relevant discussion in Appellant's principal brief incorrectly presumes that Appellant is subject to registration under Subchapter I of the Pennsylvania Sentencing Code.  ***See*** Appellant's brief at 60-71.  As Appellant acknowledges in his reply brief, the July 14, 2018 date of his offense in the above-captioned case subjects him to registration under Subchapter H.  ***See*** 42 Pa.C.S. § 9799.11(c) ("This subchapter shall apply to individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted.").

Appellant asserts that "claims attacking [Subchapter H's] registration requirements implicate the legality of a sentence" and alleges that such claims are non-waivable. *Id*. at 13. He is mistaken. While these claims raise concerns of constitutional dimension, our Supreme Court has previously concluded that claims predicated upon the Pennsylvania Constitution's "right to reputation" may be waived for failure to raise them in the trial court. *See Commonwealth v. Muniz*, 164 A.3d 1189, 1195 n.7 (Pa. 2017) (citing Pa.R.A.P. 302(a)). Furthermore, this Court has generally rejected attempts to style due process claims as implicating the legality of a defendant's sentence. *See Commonwealth v. Wallace*, 533 A.2d 1051, 1053-54 (Pa.Super. 1987) (collecting cases). Accordingly, these claims are waived.

As detailed above, we have concluded that the sentencing court abused its discretion in fashioning several unreasonable probation conditions. While these unreasonable probation conditions must be vacated, "if our disposition apparently alters the sentencing scheme of the trial court, we must vacate the sentence and remand for resentencing." *Commonwealth v. Deshong*, 850 A.2d 712, 716 (Pa.Super. 2004). We have concluded that the court below attached inappropriate weight to out-of-state charges leveled against Appellant in fashioning the entirety of his probationary sentence. This finding has necessarily upended the sentencing scheme originally contemplated by the court. Thus, we vacate Appellant's sentence *in toto* and remand for further

- 23 -

proceedings. On remand, the sentencing court shall resentence Appellant in conformity with the principles discussed herein.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge McLaughlin joins the opinion.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021