J-S32003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID BRISBON | : | |
| | : | |
| Appellant | : | No. 3053 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004020-2021

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED SEPTEMBER 25, 2024**

David Brisbon appeals, *nunc pro tunc*,[1] from the judgment of sentence,

entered in the Court of Common Pleas of Philadelphia County, following his

_____

[1] We note that Brisbon's trial counsel failed to file a timely notice of appeal. However, Brisbon filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), **see** 42 Pa.C.S.A. §§ 9541-56, which ultimately resulted in the reinstatement of his direct appeal rights, *nunc pro tunc*.  Brisbon filed his *nunc pro tunc* notice of appeal on November 22, 2023, the same day that his rights were reinstated.

Additionally, we observe that Brisbon, in his *nunc pro tunc* notice of appeal, purports to appeal from the PCRA order reinstating his appellate rights. However, his *nunc pro tunc* appeal properly lies from the judgment of sentence dated July 8, 2022.  **See** Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]"); **see also Commonwealth v. Jones**, 227 A.3d 402 (Pa. Super. 2020) (Table) (noting that "this Court regularly amends captions to reflect the properly-appealed-from orders when parties designate incorrect orders in their notices of appeal" and amending caption where appellant filed *nunc pro tunc* appeal from PCRA order reinstating appellate rights rather than judgment of sentence); Pa.R.A.P. 126(b) (non-precedential decisions of this
*(Footnote Continued Next Page)*

convictions of one count each of aggravated assault,[2] possession of instrument of crime (PIC),[3] criminal mischief,[4] simple assault,[5] and recklessly endangering another person.[6] After careful review, we affirm.

On April 10, 2021, at approximately 4:00 p.m., Brisbon arrived at 12th Street and West Olney Avenue in Philadelphia, where he saw his aunt, Rhonda Gibson, sitting in the driver's seat of her vehicle. Brisbon, armed with a brick, threw the brick at the front windshield of Gibson's vehicle twice. Gibson exited her vehicle to escape, but Brisbon pushed her to the ground and repeatedly punched her in the head with closed fists.

As a result of the attack, Gibson suffered a split lip, multiple cuts on her head, and a lost tooth. Gibson received multiple stitches to her lip and four staples to her head wounds. The injuries to Gibson's mouth also required cosmetic surgery to repair. Additionally, the brick shattered her vehicle's front windshield.

_____

Court filed after May 1, 2019, may be cited for persuasive value). We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] *Id.* at § 907(a).

[4] *Id.* at § 3304(a)(5).

[5] *Id.* at § 2701(a).

[6] *Id.* at § 2705.

On April 10, 2021, Brisbon was arrested and charged with the above-mentioned crimes. On May 2, 2022, Brisbon entered into an open guilty plea, after which the trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI) and a mental health evaluation.

On July 8, 2022, the trial court conducted a sentencing hearing, at which the Commonwealth recommended a sentence of 11½ to 23 months' incarceration, and the defense requested house arrest. The trial court, after listening to testimony and considering the PSI and mental health evaluation, disagreed with the parties' requested sentences and sentenced Brisbon to 2 to 4 years' incarceration for his aggravated assault conviction and a consecutive 2 years of probation for his PIC conviction. The trial court imposed no further penalty on the remaining convictions. On July 18, 2022, Brisbon filed a timely post-sentence motion for reconsideration of sentence, which the trial court denied on October 2, 2022. Brisbon failed to file a timely notice of appeal.

As indicated **supra**, after the court reinstated his appellate rights *nunc pro tunc*, Brisbon filed a *nunc pro tunc* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Brisbon now raises the following claim for our review: "The sentence received by [Brisbon] was so extreme as to be an abuse of discretion and warrants a re-sentencing hearing." Brief for Appellant, at 6.

In his sole claim on appeal, Brisbon argues that the trial court abused its discretion in sentencing him to 2 to 4 years' incarceration followed by 2

years of probation. *See* Brief for Appellant, at 8-14. Brisbon's claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Brisbon has filed a timely notice of appeal, a post-sentence motion, and properly included a Rule 2119(f) statement in his brief. Additionally, we conclude that Brisbon has raised a substantial question for our review.[7] *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (excessive sentence claim combined with claim court failed to

---

[7] Brisbon argues, in his Rule 2119(f) statement, that the trial court failed to consider: he was under the influence of drugs at the time of the offense; he had no prior violent history; he has two children that he provides for; and the testimony of his character witness, Domenique Oliphant. *See* Brief for Appellant, at 11-13.

- 4 -

consider mitigating factors raises substantial question); ***see also***
***Commonwealth v. Coulverson***, 34 A.3d 135, 143 (Pa. Super. 2011) (finding
substantial question where appellant argued trial court focused on seriousness
of offense and did not consider rehabilitative needs).  Accordingly, we review
the discretionary aspects of Brisbon's sentence.

We adhere to the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Carr***, 262 A.3d 561, 568 (Pa. Super. 2021) (citation
omitted).

A sentencing judge has broad discretion in determining a reasonable
penalty, and appellate courts afford the sentencing court great deference, as
it is the sentencing court that is in the best position to "view the defendant's
character, displays of remorse, defiance[,] or indifference, and the overall
effect and nature of the crime."  ***Commonwealth v. Walls***, 926 A.2d 957,
961 (Pa. 2007) (citation omitted).  When imposing a sentence, the sentencing
court must consider "the protection of the public, the gravity of the offense as
it relates to the impact on the life of the victim and on the community, and
the rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721(b).  "[A] court
is required to consider the particular circumstances of the offense and the

- 5 -

character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. ***Id.*** Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

At the sentencing hearing, the trial court placed the following reasons on the record:

> You sit before me today and you are apologizing in court for what happened . . . not for what you did. On May 2nd, the case was ready to proceed to trial, and you entered into this [guilty] plea. . . . We are here today for sentencing . . . on a plea to the facts in which you pled and agreed.
>
> I have heard testimony today to those [facts] and the injuries suffered. You were thoroughly advised at the plea.
>
> In your allocution, you indicate, "I want to apologize to my aunt for what happened. Tensions were high."
>
> [Tha]t's not an apology for what you did. This is a woman in her mid-50s who was injured, who was beaten—she is tiny—by a man who is over 6 feet. The PSI indicates that you are 266 pounds. She is, at best, a fraction of your size . . . and almost twice your age. . . . She and I are about the same size. I'm 107 pounds.
>
> And the facts read into the record indicate that you threw a brick, two times, into her windshield, and I see the picture where the windshield is completely smashed out, and it[']s into the driver's side window, and she gets out of that car, and then she is pushed to the ground by you[.]

- 6 -

I understand the Commonwealth's recommendation, as well as [the] defense['s request] for house arrest. I do not feel that this is sufficient. In fashioning the defendant's sentence . . . I have taken into account the need to protect the public, the gravity of this offense as it relates to the impact on the life of the victim. She is a 55-year-old woman[.] [S]he is tiny [and] frail. I certainly take into consideration her size in comparison to that of the defendant, a 6'1" 266-pound male. I also take into consideration [that this is] a crime of domestic violence.

Though you have no prior record score, I still take into consideration your rehabilitative need[s], because this level of anger doesn't come out of the blue. I am considering the sentencing guidelines. The standard range in this sentence can be anywhere from a minimum of three years . . . to 54 months, plus or minus an additional 12 months, which is up to [five-]and[-one]-half years, or as low as 2 years.

I have reviewed the [PSI and] the mental health report, which indicate[] there are no mental health issues. I considered the testimony of the . . . victim, . . . the testimony of your friend, [] Oliphant, who has known you for 17 years, and the arguments of counsel.

With all that into consideration, the gravity of the offense weighs heavily. I'm sentencing you to 2 to 4 years['] incarceration on the aggravated assault. It is still a guideline sentence. I'm sentencing you to 2 years['] consecutive reporting probation on the [PIC].

N.T. Sentencing Hearing, 7/8/22, at 22-25.

Upon review of the foregoing, we discern no abuse of discretion where the trial court had the benefit of a PSI and properly weighed all the sentencing factors set forth in section 9721. *See Ventura*, *supra*; *see also Commonwealth v. Gonzalez-Dejesus*, 994 A.2d 595, 599 (Pa. Super. 2010) (this Court will not disturb consecutive sentences unless aggregate sentence is "grossly disparate" to defendant's conduct); *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) (sentencing courts afforded

broad discretion in imposing sentences concurrently or consecutively). Accordingly, we afford Brisbon no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/25/2024