J-S32011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :            PENNSYLVANIA
    :
    v.        :
    :
    :
JAVEN T. JACKSON    :
    :
    Appellant    :   No. 36 MDA 2023

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006803-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:        **FILED: NOVEMBER 29, 2023**

Appellant, Javen T. Jackson, appeals from the Judgment of Sentence entered in the Lancaster County Court of Common Pleas following a jury conviction of, *inter alia*, Second-Degree Murder and Robbery of a Motor Vehicle.[1]  He challenges the sufficiency of the evidence.  After careful review, we affirm.

**A.**

We glean the following factual and procedural history from the certified record.  On November 11, 2019, Tom Blackwell ("Decedent") asked the employees from an adjacent garage for help in removing Appellant from the

---

[1] 18 Pa.C.S. §§ 2502(b) and 3702(a), respectively.  The jury also convicted Appellant of Arson pursuant to 18 Pa.C.S. § 3301(a)(1)(i), but he does not challenge that conviction on appeal.  The Commonwealth *nolle prosed* all remaining charges.

Decedent's property.[2]  Nathan Bashore, one of the employees, arrived a short time later to assist Decedent.

When Mr. Bashore arrived, he observed the driver's side door of the Decedent's truck ajar and Appellant sitting in the driver's seat.  Appellant was accelerating and reversing the truck while Decedent clung onto the truck and leaned his head and torso through the front drivers' side window.  Decedent was yelling at Appellant to stop.  Mr. Bashore grabbed onto the truck's front passenger-side door and leaned his upper body through the window.

The noise from the truck's motor alerted Elmer Stoltzfus.  He arrived in time to see both Decedent and Mr. Bashore hanging onto the truck as it "ripp[ed] back and forth."  N.T. Trial, 10/12/22, at 300.

Appellant did not stop until he lost control of the truck.  At that point, Mr. Bashore was able to climb through the passenger side window, subdue Appellant, and recover the keys.

Decedent asked Mr. Stoltzfus to call the police and returned to his garage.  After Mr. Stoltzfus got off the phone with police "a few minutes later," he found Decedent lying on his back on the ground and noted that Decedent had a blue pallor.  *Id.* at 313.  Mr. Stoltzfus called 911 again and another individual began CPR, but Decedent never regained consciousness.

---

[2] Appellant was attempting to flee after committing an arson on November 10, 2019.  He knew Decedent, who had mentored him.  On the morning of November 11, 2019, he asked Decedent for a ride, but Decedent refused. Appellant then went to Decedent's garage instead, seeking Decedent's truck in order to flee the area.

The Commonwealth charged Appellant as stated above. On October 11, 2022, Appellant proceeded to a jury trial. Several witnesses testified, including Wayne Ross, M.D., the forensic pathologist who performed Decedent's autopsy. Dr. Ross testified that Decedent died from a traumatic brain injury: he had a five-inch skull fracture that caused subdural bleeding. He further opined that this injury was inconsistent with simply falling backwards. Rather, it was consistent with Decedent's head striking the B-pillar of the truck[3] as Appellant accelerated and reversed the truck.

The jury convicted Appellant of the above charges. On December 20, 2022, following the completion of a pre-sentence investigation, the court sentenced Appellant to an aggregate term of life imprisonment without parole. Appellant did not file a post-sentence motion.

**B.**

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues on appeal:

I. Did the Commonwealth fail to present sufficient evidence to support a conviction of Robbery of a Motor Vehicle by failing to present sufficient evidence that Appellant took control of the

---

[3] A vehicle, like a building, is supported by a roof, pillars, and a floor. A vehicle stands on four to six pillars. The B-pillar is in the middle of the truck's body and holds the locks for the front door, the hinges for the rear door, and supports the roof. *See* N.T. Trial, 10/13/22, at 405, 409; https://www.carparts.com/blog/get-to-know-the-a-b-c-and-d-pillars-of-a-car-see-diagram/.

vehicle by force, intimidation, or by knowingly putting the decedent in fear of immediate bodily injury?

II. Did the Commonwealth present insufficient evidence to support a conviction of Second-Degree Murder where it failed to present sufficient evidence to support a conviction of robbery?

Appellant's Br. at 4 (capitalization altered).

## C.

Appellant challenges the sufficiency of the evidence supporting both of his convictions. Our standard of review for challenges to sufficiency of the evidence is well-settled. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). When reviewing sufficiency challenges, we evaluate the record in the light most favorable to the verdict winner, giving the Commonwealth the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014). This Court will not disturb a verdict when "there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Sipps*, 225 A.3d 1110, 1113 (Pa. Super. 2019) (citation omitted). The Commonwealth can establish these elements using solely circumstantial evidence. *Id*. Furthermore, the factfinder is "entitled to draw reasonable inferences from the facts presented, resolve any issues of credibility and believe all, part or none of the evidence." *Commonwealth v. Hankerson*, 444 A.2d 727, 728 (Pa. Super. 1982).

**D.**

Appellant first challenges the sufficiency of the evidence supporting his conviction of Robbery of a Motor Vehicle. Specifically, he argues that the Commonwealth failed to prove that he recklessly used force, intimidation, or the inducement of fear to accomplish the taking of the vehicle.[4] Appellant's Br. at 8-9.

The legislature has provided the following definition of Robbery of a Motor Vehicle:

> A person commits a **felony of the first degree** if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle.

18 Pa.C.S. § 3702(a) (emphasis added).

In order to prove that a defendant is guilty of Robbery of a Motor Vehicle, the Commonwealth must establish the following three elements: "(1) the stealing, taking or exercise of unlawful control over a motor vehicle; (2) from another person in the presence of that person or any other person in lawful possession of the vehicle; and (3) the taking must be accomplished by the use of force, intimidation or the inducement of fear in the victim." ***Commonwealth v. George***, 705 A.2d 916, 920 (Pa. Super. 1998).

---

[4] Appellant asserts in his brief that the inducement of fear must be knowing, not merely reckless. However, ***Commonwealth v. George***, 705 A.2d 916, 920 (Pa. Super. 1998), the case he cites in support of this proposition, does not specify knowledge as the *mens rea* for the element of inducing fear.

Where, as here, the statute defining the offense does not include a specific *mens rea*, the offense is "established if a person acts intentionally, knowingly or recklessly[.]" 18 Pa.C.S. § 302(c). "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." ***Id.*** at (b)(3). Recklessness requires "conscious action or inaction which creates a substantial risk of harm to others." ***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014) (citation omitted).

Here, the trial court found that the evidence was sufficient to convict Appellant of Robbery of a Motor Vehicle because Appellant used force by accelerating and reversing the truck while attempting to steal Decedent's truck in the presence of the Decedent. ***See*** Trial Ct. Op., 4/12/23, at 2. We agree.

Initially, we note that Appellant has failed to support his argument with citations to the record and relevant and dispositive case law. Appellant's Br. at 8-9; ***see*** Pa.R.A.P. 2119 (b)-(c) (providing that citations relevant authorities and to the record must be included in the argument). These substantial briefing defects have not, however, precluded our ability to address the merits of Appellant's argument.

Viewing the record in the light most favorable to the Commonwealth establishes that Appellant repeatedly accelerated and reversed the truck while the Decedent clung to the door. N.T. Trial, 10/12/22, at 323-25. Appellant

did not stop until he lost control of the truck. At that point, Mr. Bashore was able to climb through the passenger side window, subdue Appellant and secure the keys. *Id.* at 325-26. Based on this evidence, it was reasonable for the jury to infer that, by continuing to accelerate and reverse Decedent's car, Appellant recklessly used "force, intimidation or the inducement of fear" to exercise unlawful control over the vehicle.

Accordingly, we conclude that the sufficient evidence supported Appellant's conviction of Robbery of a Motor Vehicle.

**E.**

In his second issue, Appellant avers that there was insufficient evidence to convict him of Second-Degree Murder because the Commonwealth did not "prove" the elements of Robbery under 18 Pa.C.S. § 3701. Appellant's Br. at 9-12. Specifically, he contends that "no evidence was presented showing that he recklessly inflicted serious bodily injury or that Appellant intentionally placed Decedent in fear of bodily injury." *Id*. at 10.[5]

---

[5] The trial court instructed the jury that the predicate offense for Second-Degree Murder in this case was robbery. N.T. Trial, 10/14/22, at 592. It further instructed the jury that: "to find robbery in this case, you must find that the following two elements have been proven beyond a reasonable doubt. First, that the defendant inflicted serious bodily injury on the victim or intentionally put the victim in fear of immediate serious bodily injury and, second, that the defendant did this during the course of committing of theft." *Id.* Neither party challenged the court's instruction. That the court referred to the predicate offense as robbery and not robbery of a motor vehicle is inconsequential to a determination of whether Appellant is guilty of Second-Degree Murder since both crimes involve robbery and are felonies.

The Second-Degree Murder statute requires proof that a victim died while a defendant "was engaged as a principal or an accomplice in the perpetration of a **felony**." 18 Pa.C.S. § 2502(b) (emphasis added). The decedent does not need to die immediately as long as the Commonwealth can demonstrate an "unbroken chain of causation" between the felony and the decedent's death. **Commonwealth v. Thompson,** 660 A.2d 68, 70-71 (Pa. Super. 1995) (upholding Second-Degree Murder conviction where decedent died months after being injured during a robbery because the Commonwealth's medical experts demonstrated that the injury caused decedent's death).

The Second-Degree Murder statute defines "perpetration of a felony" as including "[t]he act of the defendant in engaging in . . . attempting to commit robbery . . . by force or threat of force." **Id**. at 2502(d). The second-degree murder statute does not specifically cite to the offense of Robbery as codified in 18 Pa.C.S. § 3701(d). As we have often recognized, "the General Assembly's intent is best expressed through the plain language of the statute." **Commonwealth v. Gamby**, 283 A.3d 298, 306 (Pa. 2022) (citation omitted). Our review of the plain language of the Second-Degree Murder statute indicates that the legislature used the term "robbery" broadly to include any kind of robbery that is graded as a first-degree felony as the predicate offense to Second-Degree Murder.

Turning to Appellant's argument that the Commonwealth was required to "prove" the elements of robbery, we note that the statute defining Second-

Degree Murder does not contain an element requiring **proof** that the defendant committed the predicate felony. **See** 18 Pa.C.S. § 2502(b), (d). Second, our Supreme Court has confirmed this interpretation by holding that "all the felony murder statute requires is for the jury to conclude that a criminal homicide was committed while the defendant participated in a completed or an attempted predicate offense." **Commonwealth v. Miller**, 35 A.3d 1206, 1212 (Pa. 2012). The Commonwealth "is not required to prove that the accused actually committed the predicate offense." **Id**.

In concluding that the jury properly found Appellant guilty of Second-Degree Murder, the trial court here observed that

> the undisputed facts demonstrate [that] Appellant was stealing a motor vehicle from the victim who was yelling for [Appellant] to stop [,] that the victim was hanging off the side of the vehicle while [Appellant] drove so fast that the tires spun [, and the decedent] died as a result of the injuries sustained by [] Appellant's rapid acceleration.

Trial Ct. Op. at 2. The court, thus, concluded that because Decedent died while Appellant was committing or attempted to commit a robbery, there was sufficient evidence to support Appellant's conviction for Second-Degree Murder. **Id.** at 4. We agree.

Our review of the record confirms that the evidence presented to the jury established that Decedent died as a result of his head striking the truck's B-pillar when Appellant accelerated and reversed while attempting to steal the truck. N.T. Trial, 10/13/22, at 420, 423. The jury found the Commonwealth's evidence to be credible and determined that Appellant caused Decedent's

death while in the perpetration of a robbery, that is, Robbery of a Motor Vehicle. Accordingly, the Commonwealth met the elements required to sustain a Second-Degree Murder conviction.

**F.**

In sum, we conclude that the evidence was sufficient to support Appellant's convictions for both Robbery of a Motor Vehicle and Second-Degree Murder. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/29/2023