Commonwealth *v.* Little, Appellant.

Argued November 8, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Armand Della Porta,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *William A. Boland,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 4, 1972:

Appellant, La Dainty Little, was convicted by a jury of first degree murder and sentenced to life imprisonment. This is an appeal, *nunc pro tunc,* from the judgment of sentence.

Appellant advances two related trial errors for our consideration. During the presentation of her case, the defendant called a character witness who testified that La Dainty Little had an excellent reputation in her neighborhood for being a truthful, honest person. The first question presented is whether it was error for the district attorney to cross-examine this witness concerning a prior unrelated arrest of appellant.[1] The second

---

[1] The questions and answers were as follows: By the district attorney: "Q. When was the last time you discussed her reputation

question is whether the trial court erred in referring to this prior arrest in its charge to the jury without indicating the purpose for which the question was asked, viz., impeachment of the witness, and instructing the jury that it had no probative value as to merits of the case being tried.[2]

It is a well established general rule that evidence of a criminal defendant's prior arrests is inadmissible as tending to prove his disposition to commit crimes generally, or his commission of the specific crime for which he is then standing trial. See 3A Wigmore on Evidence, §980a (Rev. Third Ed., 1970); American Law Institute, Model Code of Evidence, Rule 306 (1942). Wigmore has adequately summarized the purpose of this rule: ". . . a mere arrest or indictment will not be allowed to be inquired after, since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to . . .

---

with somebody? A. As far as I remember, it was after I became aware that she had been charged with the crime. Q. And among those people that you discussed her reputation with, did you also discuss at that time the fact that on March 15, 1964, she had been arrested for aggravated robbery, prostitution and assignation, solicitation to commit sodomy, and subsequently discharged by Judge Montemuro? A. No I didn't discuss that particular part of it. We did discuss the fact that she had been charged with the present crime, and myself and the people I discussed it with . . . found it hard to understand."

[2] The portion of the charge claimed to be in error is the second sentence of the following passage: "Mr. Levin then took the witness stand and said he had known the defendant for five or six years, that he knows other people who know her and he has discussed her with other people, and he knows her reputation to be excellent. However, under cross-examination, he admitted he had not ever discussed with other people, when he discussed her, the fact that she had been arrested back in 1964 for certain crimes— robbery, I believe, sodomy, and prostitution, or something of that sort."

guilt. To admit this would involve a violation both of the hearsay rule and of the rule forbidding extrinsic testimony of misconduct." 3A Wigmore on Evidence, §980a (Rev. Third Ed., 1970). When, however, the defendant introduces evidence of his own good character, as was done in the instant case, the Commonwealth is permitted to cross-examine the character witnesses "as to whether or not they ever heard *persons in the neighborhood* attribute particular offenses to the defendant." *Commonwealth v. Jenkins*, 413 Pa. 606, 607-08, 198 A. 2d 497, 498 (1964). (Emphasis in original.)

Such cross-examination is allowed for the purpose of testing the accuracy of the character witness' testimony to determine whether he is indeed thoroughly familiar with the defendant's reputation in the community. *Commonwealth v. Becker*, 326 Pa. 105, 191 A. 351 (1937); *Commonwealth v. Thomas*, 282 Pa. 20, 127 Atl. 427 (1925). Under this exception to the general rule the prosecution has been permitted to question a character witness as to a prior arrest, whether or not it culminated in an indictment, trial or conviction. *Michelson v. United States*, 335 U.S. 469, 93 L. Ed. 168 (1948); *Commonwealth v. Amos*, 445 Pa. 297, 300, 284 A. 2d 748 (1971).

The appellant asks us now to outlaw as unduly prejudicial any reference to prior arrests of a defendant as a means of testing, on cross-examination, the qualifications or credibility of a character witness. While there are strong arguments for such limitation of cross-examination,[3] we decline to consider them in this case because the issue is not properly before us.

---

[3] See, e.g., 3A Wigmore on Evidence, §988 (Rev. 3d Ed., 1970). See also McCormick on Evidence, §191 (2d Ed., 1972); Note, 47 Mich. L. Rev. 843 (1949); Note, 22 So. Cal. L. Rev. 489 (1949); *Michelson v. United States*, 335 U.S. 469, at 488-496, 93 L. Ed. 168 (1948) (RUTLEDGE, J., dissenting).

Defendant made no objection to the question relative to prior arrest, as quoted in footnote 1, nor to the portion of the judge's charge, quoted in footnote 2, which referred to the prior arrest.[4]  See Pa. R. Crim. P. 119(b).  The points now raised are presented for the first time on this appeal.  As such, they will not be entertained.  *Commonwealth v. Jones,* 446 Pa. 223, 285 A. 2d 477 (1971); *Commonwealth v. Baiardi,* 445 Pa. 353, 284 A. 2d 796 (1971); *Commonwealth v. Bittner,* 441 Pa. 216, 272 A. 2d 484 (1971); *Commonwealth v. Myers,* 439 Pa. 381, 266 A. 2d 756 (1970).[5]

Judgment of sentence affirmed.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.

---

[4] No exception of any kind, including a general exception, was taken to any portion of the charge. Motions in arrest of judgment and for a new trial were filed, but no mention was made of the errors now asserted. When the post-trial motions were called for argument defendant's trial counsel stated to the court: "I have gone over the notes of testimony very thoroughly, Your Honor, and no substantial question of law arose wherein the rights of the defendant were in any way jeopardized."

No appeal from the judgment of sentence was taken. When a post-conviction petition was filed over a year after sentencing, the court without a hearing granted leave to appeal *nunc pro tunc* and appointed new counsel to pursue an appeal. In its opinion filed under our Rule 63, the court below stated, "The trial judge has not had his attention directed by defendant's counsel on appeal to any alleged error in the course of the trial, and has, therefore, sifted the record painstakingly to determine the possibility of the existence of any prejudicial error."

[5] Having reviewed the entire record, we deem it not inappropriate to observe that the points here raised were minor and peripheral when viewed in the context of the case as a whole, and that the errors asserted, if they occurred, were harmless under the circumstances.