444 A.2d 727

**COMMONWEALTH of Pennsylvania**

v.

**Anthony HANKERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 25, 1981.

Filed April 16, 1982.

Arthur K. Dils, Harrisburg, for appellant.

Marion E. MacIntyre, First Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Anthony Hankerson was tried before a jury and convicted of theft by unlawful taking [1] and burglary. [2] Following trial, the trial court vacated the conviction for theft by unlawful taking [3] and sentenced Hankerson for burglary. On appeal, Hankerson argues that the evidence was insufficient to sustain the verdict and that the Commonwealth's cross-examination of character witnesses concerning appellant's prior arrests was error. Although we find the evidence sufficient to support appellant's conviction for burglary, we are constrained to vacate the judgment of sentence and remand for a new trial in accordance with *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981).

In evaluating the sufficiency of the evidence, "we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Parker*, 494 Pa. 196, 198, 431 A.2d 216, 217 (1981). *Accord: Commonwealth v. Watson*, 494 Pa. 467, 470, 431 A.2d 949, 950 (1981); *Commonwealth v. Burns*, 490 Pa. 352, 354, 416 A.2d 506, 507 (1980); *Commonwealth v. Kichline*, 468 Pa. 265, 271, 361 A.2d 282, 285–286 (1976).

The record in the instant case, when so viewed, reveals that Thomas Kepler was the owner of a three unit apartment building at 1816 Green Street, Harrisburg. Two of the apartments were vacant and under renovation, and radiators had been disconnected and stored in the building while the owner negotiated for their sale to an area businessman.

1. 18 Pa.C.S. § 3921.

2. 18 Pa.C.S. § 3502.

3. 18 Pa.C.S. § 3502(d) provides that "[a] person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."

Also stored in one of the apartments was a car battery owned by Kepler. On March 2, 1979, at approximately 2:00 p. m., Mrs. Rackley, who lived across the street from 1816 Green Street, observed two men enter the main door to the building. They reappeared shortly thereafter, carrying radiators and a car battery which they placed in a shopping cart. Mrs. Rackley called Kepler's office and watched the two men as they pushed the shopping cart down the street. Although Kepler's office notified the police, by the time the police arrived the men had disappeared. However, the shopping cart, radiators and battery were discovered a few blocks from the apartment building. Mrs. Rackley accompanied the police as they patrolled the immediate area, and a few minutes later, as appellant was walking along the street, Mrs. Rackley identified him as one of the two men she had seen removing the items from the building. After appellant had been placed under arrest, it was discovered that the door to one of the apartments had been broken and radiators and battery removed from the apartment. It was also established at trial that appellant had not been authorized to enter the apartment building. Appellant testified in his own behalf and denied entering the building or removing the radiators or battery.

The crime of burglary is defined in 18 Pa.C.S. § 3502 as follows:

§ 3502. Burglary

(a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

The jury was entitled to draw reasonable inferences from the facts presented, resolve any issues of credibility and believe all, part or none of the evidence. *Commonwealth v. Stockard*, 489 Pa. 209, 213, 413 A.2d 1088, 1090 (1980); *Commonwealth v. Rose*, 463 Pa. 264, 267–268, 344

A.2d 824, 825–826 (1975). When the evidence is considered in the light most favorable to the Commonwealth, it is clear that it was sufficient to support appellant's conviction for burglary. *See Commonwealth v. Yost,* 478 Pa. 327, 332, 386 A.2d 956, 958–959 (1978); *Commonwealth v. Robson,* 461 Pa. 615, 625, 337 A.2d 573, 578 (1975).

■ Because two witnesses had testified on direct examination that appellant possessed a good reputation for being a peaceful, law abiding citizen, they were asked on cross-examination concerning their knowledge that appellant had been arrested for burglary in 1977 and rape in 1978. Appellant's counsel moved for a mistrial because of the references to these arrests. The motion was denied.

In *Commonwealth v. Scott, supra,*[4] the Supreme Court abrogated the prior rule which permitted character witnesses to be cross-examined regarding *arrests,* even when the arrests pertained to a character trait vouched for on direct examination, and held that such cross-examination was improper. Chief Justice O'Brien, writing for a unanimous court noted that *"[d]espite any cautionary instruction the court may have given the jury,* the undue prejudice to appellant is obvious. On one hand, the jury would have heard that appellant had a reputation for being peaceful while on the other hand, the jury would also have heard that appellant had been arrested on two charges." *Id.,* 496 Pa. at 197, 436 A.2d at 611–612 (emphasis added). In the instant case, no cautionary instructions were given.

The *Scott* decision is controlling. Appellant had not previously been convicted of burglary or rape. To permit the prosecuting attorney to refer to arrests for such crimes was to permit appellant to be unfairly discredited. His motion for mistrial should have been granted.

Reversed and remanded for a new trial.

4. The *Scott* decision was handed down after the trial in the instant case.