446 A.2d 958

COMMONWEALTH of Pennsylvania

v.

**Davico L. CABEZA, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1982.

Filed June 11, 1982.

Norris E. Gelman, Philadelphia, for appellant.

Garold Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that two of his character witnesses could not be impeached through the use of his prior arrests not resulting in convictions. We agree and, accordingly, reverse the judgment of sentence and remand for a new trial.

On February 25, 1979, appellant and his mother entered a tavern in West Philadelphia. Some time later, the mother took a gun from her purse and threatened to shoot a female patron. The mother pointed the gun and pulled the trigger, but the gun misfired. As the patron fainted and fell to the floor, the mother fired again, fatally wounding a barmaid who had been standing behind the intended victim. Appellant stood by the doorway throughout the encounter. At trial, one Commonwealth witness testified that appellant had importuned his mother to shoot the patron, while the remaining witnesses testified that appellant had said nothing. Appellant's defense rested exclusively upon the testimony of four character witnesses. The Commonwealth cross-examined two of them concerning appellant's two prior arrests that did not result in convictions. The jury found

appellant guilty of murder in the first degree.[1] Following the denial of post-trial motions, the lower court imposed the mandatory life sentence. Appellant was appointed new counsel and this appeal followed.

█ "It is a well established general rule that evidence of a criminal defendant's prior arrests is inadmissible as tending to prove his disposition to commit crimes generally, or his commission of the specific crime for which he is then standing trial." *Commonwealth v. Little*, 449 Pa. 28, 30, 295 A.2d 287, 289 (1972). Nonetheless, the rule had been that if a defendant introduced evidence of his own good character, the Commonwealth would be permitted to ask the character witness whether or not they had heard persons in the neighborhood attribute particular offenses to the defendant. *Id.*, 449 Pa. at 31, 295 A.2d at 289; *Commonwealth v. Jenkins*, 413 Pa. 606, 607–08, 198 A.2d 497, 498 (1964). However, because "an arrest is equally consistent with either guilt or innocence," our Supreme Court in *Commonwealth v. Scott*, 496 Pa. 188, 197, 436 A.2d 607, 612 (1981), unanimously "abrogated th[at] rule ... even where [the prior arrests] pertained to the character trait vouched for on direct examination," *Commonwealth v. Fawcett*, 297 Pa.Superior Ct. 379, 385, 443 A.2d 1172, 1175 (1982). In *Scott*, Chief Justice O'BRIEN observed:

> Despite any cautionary instructions that the court may have given the jury, the undue prejudice to [the defendant] is obvious. On the one hand, the jury would have heard that [the defendant] had a reputation for being peaceful while on the other hand, the jury would also have heard that [the defendant] had been arrested on [other] charges.

496 Pa. at 197, 436 A.2d at 611–12. Thus, under *Scott*, to preserve a fair trial, the Commonwealth is not permitted to cross-examine defense character witnesses concerning a defendant's prior arrests that did not result in conviction. *Id.*,

---

1. Appellant was acquitted of aggravated assault of another patron. All remaining charges were nol prossed. His mother was subsequently tried and convicted of voluntary manslaughter.

496 Pa. at 197, 436 A.2d at 611. If *Scott* applies, appellant is clearly entitled to a new trial.

The Commonwealth argues first that appellant waived any objection to the impeachment by failing to object specifically. We disagree. The issue first arose during the cross-examination of appellant's third witness:

> [District Attorney]: Among those people with whom you discussed [appellant's] reputation, have you ever heard them say that he had been arrested two times prior to this incident?
>
> [Witness]: No.
>
> [Defense Counsel]: Objection, Your Honor.
>
> [The Court]: Objection noted on the record. Objection overruled.

(N.T. October 31, 1979, at 3.30). The issue recurred during cross-examination of appellant's last witness:

> [District Attorney]: Okay. Among those people with whom you discussed his reputation, have you ever heard them say that he had been arrested for aggravated assault in 1976?
>
> [Defense Counsel]: Objection, Your Honor.
>
> [The Court]: Objection sustained.
>
> [District Attorney]: May I see you at sidebar, Judge?

(*id.* at 3.38). During the lengthy sidebar conference, appellant's counsel explained that his objection was based, in part, upon the fact that appellant "doesn't have a record[ ] [because] [h]e was discharged." (*id.* at 3.41). The lower court ruled, however, over appellant's objection that the Commonwealth could ask the witness whether "she knows he's been arrested but not for what," (*id.* at 3.44), whereupon the following transpired:

> [District Attorney]: [A]mong those people with whom you discussed [appellant's] reputation, have you ever heard them say that [appellant] had been arrested two times before this offense, once in 1976 and once in 1973?
>
> [Defense Counsel]: Objection, Your Honor.
>
> [The Court]: Overruled.

[The Witness]: No, I have not.

[Defense Counsel]: Exception, sir.

(*id.* at 3.45). We are satisfied that appellant adequately preserved the issue for our review.[2]

■ The Commonwealth contends next that appellant is not entitled to the "windfall benefit" of a new trial because *Scott,* an evidentiary, non-constitutional ruling, should only be prospectively applied. *Scott* recognizes that whenever a defense character witness has been cross-examined on the basis of a defendant's prior arrests, the defendant is denied a fair trial because the prejudicial effect of such cross-examination greatly outweighs its limited probative value. 496 Pa. at 194, 436 A.2d at 611. We simply cannot accept the Commonwealth's argument that giving appellant the new, fair trial he deserves is to confer a "windfall benefit." Appellant's trial was like that unanimously renounced in *Scott* as unfair. As in *Scott,* appellant preserved for direct appellate review a timely objection to inherently unfair cross-examination. It cannot be seriously argued that he is somehow entitled to less relief than Scott received. *See, e.g., Commonwealth v. Hankerson,* 298 Pa.Superior Ct. 194, 444 A.2d 727 (1982) (applying *Scott* retroactively to case on direct appeal); *Commonwealth v. Glasco,* 298 Pa.Superior Ct. 189, 444 A.2d 724 (1982) (same). *See generally Commonwealth v. Ernst,* 476 Pa. 102, 381 A.2d 1245 (1977) (Opinion in Support of Affirmance) (change in burden of proof in insanity cases applicable to those cases on direct appeal where the issue is properly preserved); *Commonwealth v. Steward,* 276 Pa.Superior Ct. 64, 419 A.2d 96 (1979) (*Riggins* sentencing standards fully applicable to cases pending on

**2.** The Commonwealth contends also that appellant failed to preserve the issue in post-trial motions. We disagree. Appellant's post-trial motions alleged that "a character witness was improperly cross-examined by the Commonwealth as to specific crimes of the defendant." In its opinion and order denying post-trial motions, the lower court reviewed and affirmed its side-bar ruling allowing testimony of appellant's prior arrests based upon *Commonwealth v. Jenkins, supra.* Thus, appellant preserved the issue in post-trial motions, and it is properly before us in this appeal.

direct appeal at time of decision).   Accordingly, we reverse the judgment of sentence and grant appellant a new trial.[3]

So ordered.

**3.** Because of our disposition of this matter, we need not address appellant's remaining contentions.