472 A.2d 697

**COMMONWEALTH of Pennsylvania**

v.

**Darrell TISDAL, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1981.

Filed March 2, 1984.

Barnaby C. Wittels, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

The crimes involved in this case occurred on June 20, 1978. The appellant was tried without a jury and found guilty of attempted rape, burglary and possession of an instrument of a crime. Post-trial motions were denied and judgment of sentence was entered. The appellant appealed to this Court.[1]

Appellant contends that the court below erred in denying his motion to prohibit the prosecution from cross-examining his proposed character witnesses as to another arrest of the appellant on October 6, 1977, on charges of loitering and

1. The Commonwealth argues in its brief that the lower court vacated the sentence on December 3, 1979 and then reinstated the sentence on January 8, 1980, that appellant did not file a new notice of appeal after the sentence was reimposed, and that this failure to file a new notice of appeal requires that the appeal be quashed. We have examined the official record (including the certified copy of the docket entries), and we have found no petition for reconsideration of sentence, and no order vacating the sentence. Pa.R.A.P. 1701(a) provides that a lower court may no longer proceed in a matter once an appeal is taken, except as otherwise provided in the Rules. Rule 1701(b)(3) provides that the lower court may grant reconsideration if an application for reconsideration is filed in the lower court and if an order "expressly granting reconsideration" is filed within the appeal time. Neither one of these requirements seems to have been complied with. We therefore treat the hearing of January 8, 1980 and the resulting reinstatement of sentence as a nullity. We find that the notice of appeal was taken within the required time from the sentence imposed on November 15, 1979.

prowling. The charges were subsequently withdrawn. We agree that this was error which resulted in such prejudice to the appellant that a new trial must be granted.[2] In *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), decided while the appeal in this case was pending, our Supreme Court rejected the prior rule that allowed a prosecutor to cross-examine witnesses as to mere arrests of the accused. In *Commonwealth v. Cabeza*, 300 Pa.Super. 483, 446 A.2d 958 (1982) this Court held that the rule in *Commonwealth v. Scott* that prohibits the Commonwealth from cross-examining defense character witnesses concerning a defendant's prior arrests not resulting in convictions was to be applied retroactively to cases on appeal at the time of the *Scott* decision. In *Cabeza* the alleged offense occurred on February 25, 1979 and the case was on appeal when the *Scott* decision was rendered. The court in *Cabeza* ordered a new trial.[3]

The Supreme Court decided in *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983) that the rule announced in *Commonwealth v. Scott, supra* shall be applied retroactively to cases pending on appeal at the time of the *Scott* decision. The Supreme Court stated at 503 Pa. page 233, 469 A.2d page 148:

> Therefore, we hold that where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

Opinion by Larsen, J., Dissenting Opinions by Justices Nix, (now Chief Justice) McDermott and Hutchinson.

2. In *Commonwealth v. Glasco*, 298 Pa.Super. 189, 444 A.2d 724 (1982) and *Commonwealth v. Hankerson*, 298 Pa.Super. 194, 444 A.2d 727 (1982) this Court also applied the rule in *Commonwealth v. Scott, supra,* retroactively.

3. Originally Judge Van der Voort was a member of this panel. Upon his retirement from the Court, President Judge Cercone assigned himself as a member of the panel.

The decision by the Supreme Court in *Commonwealth v. Cabeza, supra,* applying the rule of *Commonwealth v. Scott* retroactively to cases pending on appeal when *Scott* was decided is controlling.

Judgment of sentence reversed and case remanded for new trial.