**[J-9A-2024 and J-9B-2024]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 16 EAP 2023 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on October |
| | : | 3, 2022 at No. 543 EDA 2022, |
| v. | : | affirming the Order entered June 28, |
| | : | 2019 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal |
| JAMES BERRY, | : | Division at Nos. CP-51-CR- |
| | : | 0006728-2018 and CP-51-CR- |
| Appellant | : | 0006729-2018. |
| | : | |
| | : | ARGUED:  March 6, 2024 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 17 EAP 2023 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on October |
| | : | 3, 2022 at No. 544 EDA 2022, |
| v. | : | affirming the Order entered June 28, |
| | : | 2019 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal |
| JAMES BERRY, | : | Division at Nos. CP-51-CR- |
| | : | 0006728-2018 and CP-51-CR- |
| Appellant | : | 0006729-2018. |
| | : | |
| | : | ARGUED:  March 6, 2024 |

## OPINION

**JUSTICE WECHT**                                    **DECIDED: September 26, 2024**

James Berry was convicted of several crimes arising from his sexual abuse of two young family members.  For purposes of tabulating the applicable recommended sentencing range under the under the Pennsylvania Sentencing Guidelines,[1] Berry had

---

[1]     *See* 204 PA.CODE § 303.4.

no prior convictions or juvenile adjudications, which resulted in a "prior record score" of zero. The sentencing court ultimately imposed a sentence that deviated significantly upward from the standard sentencing range recommended by the sentencing guidelines. Explaining its reasons on the record, the court stated that Berry's arrest record (which the court characterized as "previous other contacts" with the criminal legal system) essentially negated Berry's absence of a prior criminal record.[2]

Challenging the discretionary aspects of this sentence, Berry appealed to the Superior Court, which affirmed.[3] Upon allowance of appeal, we must decide whether a sentencing court lawfully may consider Berry's record of prior arrests, which did not result either in juvenile adjudications or adult convictions, as a factor at sentencing. Because arrests without conviction "happen[ ] to the innocent as well as the guilty,"[4] they offer nothing probative about a defendant's background at sentencing. Thus, the sentencing court misapplied the law by predicating the sentence in part upon Berry's arrest record. Accordingly, we reverse the order of the Superior Court and we remand for resentencing.

Berry's jury trial began on March 11, 2019. The Commonwealth's evidence established that Berry had sexually assaulted his younger, intellectually disabled brother, J.B, on two occasions when J.B. was a young child. And when J.B. was sixteen years old, Berry forced J.B. into a sex act with a sex worker against J.B.'s will, while Berry recorded it. Berry also coerced his then-seven-year-old great-nephew, J.J., to touch Berry's penis, and threatened to harm J.J. physically if he refused to do so or if he told

---

[2] Notes of Testimony ("N.T."), 6/28/2019, at 24-25 ("I'm also taking into account that while this is Mr. Berry's first conviction, there are previous other contacts. This is not the anomaly that the [prior record score of] zero would foreshadow for me.").

[3] *Commonwealth v. Berry*, 543 & 544 EDA 2022, 2022 WL 4683292 (Pa. Super. Oct. 3, 2022) (unreported).

[4] *Michelson v. United States*, 335 U.S. 469, 482 (1948).

anyone. The jury found Berry guilty of sexual abuse of children and two counts of endangering the welfare of children ("EWOC"), one graded as a misdemeanor and one graded as a first-degree felony.[5] The sentencing court deferred sentencing and ordered a pre-sentence investigation ("PSI").

The PSI report indicated that Berry had one juvenile arrest and five adult arrests, none of which resulted in an adjudication or conviction. As a juvenile, Berry was arrested for allegedly pushing a ten-year-old girl to the ground and forcibly taking her bicycle. As an adult, Berry was arrested after his girlfriend alleged that, following an argument, Berry had strangled her and then body-slammed her to the floor. Also as an adult, Berry had been arrested for possession of a small amount of marijuana. The PSI report provided scant details relating to the circumstances that led to the remainder of the arrests. Although the PSI report cited several state and federal criminal databases as its sources for this information, none of these source documents was attached to the report.

On June 28, 2019, the trial court sentenced Berry to an aggregate of seven-and-one-half to fifteen years of incarceration, which included the following consecutive sentences: sixty to one-hundred-and-twenty months for sexual abuse, eighteen to thirty-six months for felony EWOC, and twelve to twenty-four months for misdemeanor EWOC. The sexual abuse sentence was an upward deviation from the sentencing guidelines, while the felony and misdemeanor EWOC sentences were within the aggravated ranges of the guidelines.

Announcing its reasoning for the aggravated sentence from the bench, the sentencing court explained that it had arrived at this sentence by relying significantly upon particular aggravating factors. The sentencing court stated:

---

[5]     *See* 18 Pa.C.S. §§ 6312(b)(1), 4304, 4303, respectively.

The truly sad part of this is the fracturing of this family. Watching both sides, Mr. Berry's parents on one side and his siblings on the other side. The fact that this family hasn't figured out a way to come together, it exemplifies the harm that was done to these children. It shows me that not only were [J.B.] and [J.J.] directly harmed by Mr. Berry's actions, but the victim's [*sic*] of his actions extend far beyond these two little boys.

The fact that I've been watching and reading that [J.B.] is no longer in his own home and is struggling to stay and become part of [another individual]'s home, which is admirable, he is moving forward despite this victimization. It's a testament to [J.B.]'s strength, and I hope that he understands that and hears that. His testimony was not easy to give. He was forced to watch this video multiple times in this courtroom in front of strangers.

I agree that Mr. Berry has a [c]onstitutional right to try his case, sir. I do not hold the fact there was a jury trial against him. However, there was a – in the process, that doesn't mean we don't revictimize the victim again. And in this particular case, this Court as well as the civilians had to sit there and watch as [J.B.] reacted to that video.

*This Court has balanced Mr. Berry's prior record score of zero with the acts that the jury found him guilty of, the victim impact statements that have been made on behalf of [J.B.] and [J.J.]. I'm also taking into account that while this is Mr. Berry's first conviction, there are previous other contacts. This is not the anomaly that the zero would foreshadow for me*, and I have concerns about the predatory nature of Mr. Berry's behavior in taking advantage of these children at a time in which their family was going through the health concerns of their father.

The fact that [J.B.] does suffer from Autism, and [J.J.] was at a very tender age at the time of these events that played a role into the sentencing and given the diminished capacity of the both of these young boys.[6]

On June 9, 2019, Berry filed an untimely post-sentence motion to reconsider his sentence. Eventually, Berry's direct appellate rights were reinstated *nunc pro tunc* under the Post Conviction Relief Act.[7] Berry filed a timely notice of appeal. In a timely filed Rule 1925(b) statement of errors complained of on appeal,[8] Berry asserted that the sentencing

---

[6]  N.T., 6/28/2019, at 23-25 (emphasis added).

[7]  42 Pa.C.S. §§ 9541-9546.

[8]  Pa.R.A.P. 1925(b).

court abused its discretion and imposed a manifestly excessive and unreasonable aggregate sentence by departing upwards from the sentencing guidelines and by relying upon impermissible sentencing factors, including Berry's "previous other contacts"—a reference to Berry's prior arrests that did not result in conviction.

In response, the sentencing court explained that it had considered and weighed the gravity of the impact of the offenses on the victims, the PSI report, a psychiatric report prepared by the Probation Department, the sentence ranges suggested by the sentencing guidelines for each offense, and all other relevant mitigating and aggravating factors established by Berry and the Commonwealth. The sentencing court believed that the sentence it imposed was within its discretion based upon the reasons it provided at the sentencing hearing. The court emphasized the potential long-term impact of Berry's crimes upon both of the victims and upon other members of their family, the court's concern about the "predatory nature" of the crimes, the vulnerability of the victims due to J.B.'s intellectual disability and the victims' ages, victim impact evidence, and the recommendation of the Commonwealth and the Center for Child Advocates.[9]

Before the Superior Court, Berry acknowledged that court's longstanding precedent providing that a sentencing court may take into consideration a defendant's prior arrests so long as the court explicitly recognizes that the defendant was not convicted of any crimes.[10] The Commonwealth also relied upon this line of cases, arguing that these precedents rendered Berry's claim meritless.

---

[9] Tr. Ct. Op., 3/19/2022, at 6.

[10] *See, e.g., Commonwealth v. Bryant*, 458 A.2d 1010, 1012 (Pa. Super. 1983) ("It has been held that a court, in imposing sentence may consider prior arrests . . . as long as the court realizes that the defendant had not been convicted on those prior charges.") (quoting *Commonwealth v. Craft*, 450 A.2d 1021, 1024 (Pa. Super. 1981)).

The Superior Court affirmed. Because Berry was challenging the discretionary aspects of sentencing, the Superior Court was obligated to engage in the four-part analysis that is a necessary precondition to reaching the merits of such a challenge. The Superior Court examined whether Berry's appeal was timely, whether Berry preserved the issue, whether Berry's brief included a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence, and whether the concise statement raised a substantial question that the sentence is appropriate under the sentencing code.[11]

The Superior Court found that Berry complied with these requirements, and turned to the merits of his claim. On the merits, Berry argued, *inter alia*, that the sentencing court abused its discretion by crafting a sentence based at least in part upon his arrest record.[12]

The Superior Court rejected this argument, relying upon its precedents permitting a sentencing court to consider prior arrests as long as the court recognizes that those arrests had not resulted in convictions.[13] Because the sentencing court referred to Berry's arrests as "prior contacts" that did not contribute to the calculation of his prior record score, the Superior Court believed that the trial court had, in fact, acknowledged that the arrests were not convictions. Further, the court opined that "a record of prior police

---

[11] *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

[12] The other factors that Berry believed to be impermissible were Berry's cross-examination of J.B., the gravity of the crimes, and the fracturing of the family following Berry's crimes. These aspects were not encompassed within our grant of allocatur.

[13] *Berry*, 2022 WL 4683292 at *5 (citing *Commonwealth v. Carr*, 262 A.3d 561, 570 (Pa. Super. 2021) ("[A] court in imposing sentence may consider prior arrests . . . as long as the court realizes that the defendant had not been convicted on those prior charges.") (internal citation omitted).

involvement goes to Berry's amenability to rehabilitation, a factor the court must consider under 42 Pa.C.S. § 9721(b)."[14], [15]

We granted allowance of appeal to address the following question, as framed by Berry:

> Did it not violate due process and the Sentencing Code for the trial court to consider [Berry's] bare arrest record as a factor in imposing a more severe sentence, and did not the Superior Court err in reviewing this under an abuse of discretion standard?[16]

This issue presents a question of law over which our standard of review is *de novo*.[17]

Berry argues that a sentencing court's consideration of a defendant's prior arrests as a sentencing factor violates Pennsylvania law and the federal Due Process Clause.[18] According to Berry, Pennsylvania law long has condemned the consideration of a

---

[14]   *Id.* (citing *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa. Super. 2000) (holding that prior convictions may indicate a lack of amenability to rehabilitation under 42 Pa.C.S. § 9721(b)).

[15]   The Superior Court also vacated the sentencing court's order denying Berry's motion to preclude application of the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41, and remanded for further proceedings in accord with *Commonwealth v. Torsilieri,* 232 A.3d 567 (Pa. 2020).  This aspect of the Superior Court's decision is not at issue in this appeal.

[16]   *Commonwealth v. Berry*, 296 A.3d 559 (Pa. 2023) (*per curiam*).

[17]   *Commonwealth v. Shabezz*, 166 A.3d 278, 285 (Pa. 2017) (providing that, for questions of law, "our standard of review is *de novo* and our scope of review is plenary").  Although Section 9781(f) of the Sentencing Code precludes us from reviewing the discretionary aspects of a sentence, *see* 42 Pa.C.S. § 9781(f), "[n]othing in Section 9781(f) precludes review of the application of legal principles." *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996); *Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa. 2002) (plurality) (same).  Here, we are called upon to review whether the Superior Court correctly interpreted and applied the Sentencing Code and case law in sentencing matters.  As such, Section 9781(f) is not implicated.  *See Smith*, 673 A.2d at 895; *see also Commonwealth v. Cottle*, 426 A.2d 598, 598 (Pa. 1981).

[18]   U.S. CONST. amend. XIV, § 1.

defendant's arrest record at sentencing,[19] as well as the use of prior arrests to impeach evidence of a defendant's good character.[20] Berry argues that an arrest does not equate to a conviction or evince guilt, and does not reflect upon the character of a defendant. For this reason, the legislature has deemed arrest records not to be relevant as a sentencing factor.[21] Berry asks the Court to hold that prior arrests cannot be considered as a sentencing factor.

Berry further argues that considering arrests at sentencing violates the Fourteenth Amendment's guarantee of due process. As support for his argument, Berry argues that an arrest can be less indicative of a person's guilt than it is a product of the person's race or the character of the neighborhood in which the arrest occurred, and the consequent impact upon interactions with the police.[22]

Berry recognizes that the Superior Court has developed a line of cases holding that a sentencing court may consider a defendant's arrest record as an adverse sentencing factor.[23] Berry asks this Court to overrule this line of cases and to bar the consideration of arrests at sentencing as a matter of law. To remedy the legal error that occurred at sentencing, Berry requests that we remand this case for resentencing with

---

[19] *See, e.g., Commonwealth v. Jones*, 50 A.2d 342, 344 (Pa. 1947) (holding that the admission of testimony about prior arrests at sentencing was prejudicial to the defendant and granting relief).

[20] *See Commonwealth v. Scott*, 436 A.2d 607, 611 (Pa. 1981) (holding that cross-examination about arrests is so prejudicial to an accused that it is no longer permitted in Pennsylvania).

[21] 42 Pa.C.S. § 2154(b) (declining to include arrests in the factors considered in the sentencing guidelines).

[22] *See, e.g., United States v. Berry*, 553 F.3d 273, 285 (3d Cir. 2009) (observing that "economic, social and/or racial factors" contribute to police contacts, and stating that "[a] record of a prior arrest may . . . be as suggestive of a defendant's demographics as his/her potential for recidivism or his/her past criminality").

[23] *See, e.g., Bryant*, 458 A.2d at 1012.

directions that the sentencing court consider only legally relevant and available factors, and not the unlawful factor of prior arrests.[24]

The Commonwealth relies upon the Superior Court precedents permitting a sentencing court to consider a defendant's prior arrests as a sentencing factor.[25] According to the Commonwealth, the Sentencing Code does not preclude the sentencing court from considering arrests that did not lead to conviction.

Responding to Berry's due process argument, the Commonwealth concedes that a sentencing court cannot consider a defendant's "bare arrest record," *i.e.*, a record of arrests and nothing more, and that there is a consensus among federal circuit courts that doing so is a violation of due process guarantees.[26] The Commonwealth argues, however, that it is nonetheless consistent with due process for a sentencing court to consider a defendant's arrest record at sentencing if there is some evidence of the criminal conduct that led to those arrests.

The Commonwealth advocates for a rule that would permit a sentencing court to consider a defendant's prior arrests if the Commonwealth can establish the criminal conduct underlying the arrest by a preponderance of the evidence.[27] The Commonwealth argues that, in order to satisfy this preponderance of the evidence standard, the PSI report

---

[24] The Pennsylvania Association of Criminal Defense Lawyers has filed an *amicus* brief in support of Berry.

[25] *See, e.g., Carr*, 262 A.3d at 570; *Craft*, 450 A.2d at 1024.

[26] *See, e.g., United States v. Rivera-Ruiz*, 43 F.4th 172, 181 (1st Cir. 2022); *United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007); *United States v. Berry*, 553 F.3d 273, 280-81 (3d Cir. 2009); *United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011); *United States v. Mansfield*, 21 F.4th 946, 958 (7th Cir. 2021).

[27] *See Rivera-Ruiz*, 43 F.4th at 181 (holding that due process allows a court to consider a defendant's arrest record at sentencing where "there is proof by a preponderance of the evidence that the defendant engaged in the underlying conduct alleged").

must set forth the facts and circumstances underlying the arrest, from which the court can infer criminal conduct.[28]  Applying this standard here, the Commonwealth asserts that at least two of Berry's five prior arrests were supported by a preponderance of the evidence establishing the criminal conduct underlying the arrests.[29]

As a general matter, evidence of a defendant's arrest record is inadmissible and irrelevant in nearly every criminal law context.  For example, "evidence of a criminal defendant's prior arrests is inadmissible as tending to prove [the defendant's] disposition to commit crimes generally," because "the fact of arrest or indictment is quite consistent with innocence."[30]  Until 1981, there was an exception to this rule that allowed the Commonwealth to cross-examine a defendant's character witnesses by asking about their knowledge of the defendant's prior arrests, regardless of whether those arrests culminated in a conviction.[31]  In *Commonwealth v. Scott*,[32] however, we abrogated that exception and repudiated all of the cases that endorsed or applied the exception.  Instead, we established a bright-line rule that evidence of a defendant's prior arrests is not admissible, even for purposes of impeaching character witnesses, because "an arrest is

---

[28]  *See id.* at 184 (holding that the preponderance of the evidence standard was met where the PSI report "provided sufficient detail about the circumstances . . . to enable the court to determine what likely happened").

[29]  The Pennsylvania District Attorneys Association has filed an *amicus* brief in support of the Commonwealth.

[30]  *Commonwealth v. Little*, 295 A.2d 287, 288, 289 (Pa. 1972).

[31]  *See, e.g., Commonwealth v. Jenkins*, 198 A.2d 497, 498 (Pa. 1964).

[32]  436 A.2d at 609.

equally consistent with either guilt or innocence."[33]  This prohibition is now codified in our rules of evidence.[34]

Such evidence also is inadmissible at sentencing, generally.  In *Commonwealth v. Jones*,[35] we considered sentencing-phase testimony revealing that the defendant, whom a jury had found guilty of first-degree murder, had discussed his prior arrests that did not lead to convictions.  Although evidence of prior *convictions* would have been admissible, as would confessions by the defendant of other crimes, we refused to deem a history of arrests likewise admissible.[36]  We explained:

> Even if it is definitely proved to a jury that a man has been arrested, of what probative value is that fact? Unless convicted, a man remains innocent and the law cannot in justice cast a shadow on his character for a mere arrest. It could not help the jury to know what manner of man the accused was, because the mere fact of an arrest does not prove or disprove anything.[37]

Consequently, "[t]estimony of any prior arrest, without proof of conviction, was not relevant evidence to aid the jury to determine punishment or for any other purpose."[38] We did not limit our condemnation of the use of prior arrests at sentencing to the death penalty context.  Our statement was, rather, a broad, generally applicable recognition that prior arrests are not relevant and have no probative value at sentencing.

---

[33]    *Id.* at 612.

[34]    Pa.R.E. 405 ("In a criminal case, on cross-examination of a character witness, inquiry into allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible.").

[35]    50 A.2d 342, 343 (Pa. 1947).

[36]    *Id.* at 344  ("The appellate courts of this Commonwealth have strictly limited the application of this rule of evidence to certain cases involving either prior convictions or admissions by accused of the actual commission of other crimes and any attempt to extend this principle to include testimony of mere arrests is without foundation in either law or reason.").

[37]    *Id.*

[38]    *Id.*

Nor is evidence of arrests, without conviction, relevant in a revocation of probation and re-sentencing proceeding. In *Commonwealth v. Cottle*,[39] we considered the argument that a sentencing court erred by imposing a maximum prison sentence when no legally available factors justified such a sentence. Although the defendant had been arrested several times, the arrests had not resulted in convictions. Speaking to the relevance of the defendant's arrest record, we held that "no inference adverse to [the defendant] can be drawn from the fact of those arrests."[40] The arrests, therefore, could not be factored into the defendant's sentence as an indication of the defendant's likelihood to engage in further criminal conduct.

Thus, our law is clear. Prior arrests shed no reliable light upon criminal propensity,[41] cannot be used as evidence of bad character or for impeachment purposes,[42] are not a relevant sentencing consideration,[43] and have no probative value for establishing a defendant's likelihood of recidivism.[44]

Nor are prior arrests a relevant consideration under the Sentencing Code. Section 9721(b) of the Sentencing Code requires that a sentencing court, in determining the sentence to impose, consider "the protection of the public," "the gravity of the offense as it relates to the impact on the life of the victim and on the community," the defendant's "rehabilitative needs," and the guidelines created by the Pennsylvania Commission on

---

[39] 426 A.2d 598, 601 (Pa. 1981).

[40] *Id.*

[41] *Little*, 295 A.2d at 288; *Cottle*, 426 A.2d at 601.

[42] *Scott*, 436 A.2d 611-12; Pa.R.E. 405.

[43] *Jones*, 50 A.2d at 344.

[44] *Cottle*, 426 A.2d at 601.

Sentencing.[45] A sentence of total confinement must be premised upon consideration of "the nature and circumstances of the crime and the history, character, and condition of the defendant."[46] At no point does the Sentencing Code require a court to consider independently a defendant's prior arrests in crafting an individual sentence.

In order to address disparity in the sentences imposed upon similarly situated defendants, and to ensure at least a baseline sentence for such individuals,[47] Section 2154(a) of the Sentencing Code instructs the Sentencing Commission to adopt guidelines for the sentencing court to consider in determining an individual sentence.[48] The General Assembly directed the Sentencing Commission, in creating these guidelines, to address several "retributive factors," which follow:

> (1) Seriousness of the offense, by specifying the range of sentences applicable to crimes of a given degree of gravity.
>
> (2) Criminal history, by specifying a range of sentences of increased severity or intensity of intervention for offenders previously convicted of or adjudicated delinquent for one or more misdemeanor or felony offenses committed prior to the current offense. The commission may exclude or reduce the valuation of less serious offenses and increase the valuation of offenses committed while under supervision or in a temporal or offense pattern.
>
> (3) Criminal behavior, by specifying a range of sentences of increased severity or intensity of intervention for offenders with increased culpability, including those who possessed or used a deadly weapon or inflicted substantial harm during the commission of the current conviction offense.
>
> (4) Aggravated and mitigated ranges, by specifying variations from the range of sentences applicable on account of aggravating or mitigating circumstances.

---

[45]    42 Pa.C.S. § 9721(b).

[46]    42 Pa.C.S. § 9725.

[47]    *Mouzon*, 812 A.2d at 620 (plurality).

[48]    42 Pa.C.S. § 2154(a).

(5) The impact of any amendments to section 9756 (relating to sentence of total confinement).[49]

Although subsection (2) requires the Sentencing Commission to consider a defendant's criminal history, that provision, by its own terms, is limited to convictions or adjudications. There is no specific directive that would allow a court to factor prior arrests into a sentencing determination.

The resulting sentencing guidelines establish a procedure for determining a sentence premised upon assessing the offense gravity score, the defendant's prior record score, and the guideline sentence recommendation, including enhancements and aggravating or mitigating circumstances.[50] The defendant's prior record score is based upon prior convictions or juvenile adjudications, but not upon prior arrests.[51] If a prior conviction or a prior juvenile adjudication or disposition is not reflected in the prior record score, the sentencing court may consider it independently.[52] Nowhere in the guidelines is there any direction to consider prior arrests.

In 2010, the General Assembly passed, and the Governor signed, Act 95, which directed the Sentencing Commission to adopt a risk assessment instrument to assist the sentencing court in determining a sentence aptly tailored to the individual convicted

---

[49] *Id.* § 2154(b).

[50] 204 PA. CODE § 303.2(a). The Guidelines are purely advisory in nature, and the sentencing court maintains the discretion to deviate from the recommended guidelines. *Commonwealth v. Sessoms*, 532 A.2d 775, 781 (Pa. 1987) ("So long as the judiciary has ultimate control over the application of the guidelines to a particular case, as one factor among the many enumerated in the Sentencing Code as a whole, there has been no substantive change in the judicial prerogative in sentencing discretion that has not been accomplished by duly enacted legislation.").

[51] 204 PA. CODE §§ 303.5, 303.7, 303.8.

[52] 204 PA. CODE § 303.5(d) ("The court may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court.").

defendant.[53] The resulting risk assessment tool now is incorporated into the guidelines.[54] When it created the risk assessment instrument, the Sentencing Commission, in an exhaustive, multi-phase implementation, ultimately determined that prior arrests were not statistically significant to the risk of recidivism, and chose to use convictions, but not arrests, in assessing the relative risk that an offender is likely to reoffend and to be a threat to public safety.[55]

Our precedents, our legislature, and our Sentencing Commission all confirm that prior arrests are not probative at a sentencing hearing and are not otherwise relevant to the factors that are central to the sentencing determination. They neither inform a sentencing court about "the gravity of the offense as it relates to the impact on the life of the victim and on the community" under Section 9721(b) nor shed any light on the nature and circumstances of the crime for which the defendant is being sentenced under Section 9725. Prior arrests are also irrelevant to a consideration of the defendant's "rehabilitative needs."[56] In *Goggins*,[57] the Superior Court held that a defendant's prior *convictions* demonstrated of a lack of amenability to rehabilitation, a relevant sentencing factor under Section 9721(b) of the Sentencing Code. However, neither *Goggins* nor any other precedent suggests that evidence of prior *arrests*, without conviction, "goes to [a defendant's] amenability to rehabilitation," as the Superior Court opined herein.[58]

---

[53]     Act of Oct. 27, 2010, P.L. 931, No. 95, § 2; 42 Pa.C.S. § 2154.7.

[54]     204 PA. CODE §§ 305.1-305.9.

[55]     204 PA.CODE § 305.1(b)(15) (listing prior convictions but not arrests as risk factors that are statistically significant to the risk of recidivism); *id.* § 305.1(c)(1)(iii)(A) (explaining that the Sentencing Commission chose to include prior convictions in its risk assessment but to exclude prior arrests).

[56]     42 Pa.C.S. § 9721(b).

[57]     748 A.2d at 732.

[58]     *Berry*, 2022 WL 4683292 at *5.

A defendant's arrest record likewise is not related to "the protection of the public," as we held in *Cottle*[59] and as the Sentencing Commission determined when it declined to include prior arrests in its risk assessment instrument.[60] Nor are prior arrests relevant to the defendant's character or condition under Section 9725. An arrest is not relevant to an assessment of one's character.[61] To the extent that the defendant's criminal history is relevant under Section 9725, a history of prior arrests that did not result in conviction is not probative of that history. This is because, "[u]nless convicted, a man remains innocent and the law cannot in justice cast a shadow on his character for a mere arrest."[62] Arrests, without conviction, prove nothing.

Permitting the sentencing court to fashion a sentence even in part upon a defendant's prior arrest that resulted in neither conviction nor adjudication would distort the intent and operation of Pennsylvania's sentencing scheme generally, and, more specifically, a defendant's prior record score. Indeed, that is precisely what occurred at Berry's sentencing. The sentencing court correctly noted that Berry's prior record score was zero, because Berry had no prior convictions or adjudications.[63] The court then nullified the prior record score by considering, and significantly relying upon, Berry's prior arrests. The court stated, "I'm also taking into account that while this is Mr. Berry's first conviction, there are previous other contacts. This is not the anomaly that the [prior record

---

[59]     426 A.2d at 601.

[60]     204 PA.CODE §§ 305.1(b)(15), (c)(1)(iii)(A).

[61]     *Scott*, 436 A.2d at 612.

[62]     *Jones*, 50 A.2d at 344.

[63]     N.T., 6/28/2019, 24.

score of] zero would foreshadow for me . . . ."[64] The court's consideration of prior arrests skewed a necessary sentencing factor—Berry's prior record score.

The likelihood of arrest may be influenced by a variety of factors other than the actual commission of the charged crimes. As the United States Court of Appeals for the Third Circuit observed in *Berry*:

> [R]eliance on arrest records may also exacerbate sentencing disparities arising from economic, social and/or racial factors. For example, officers in affluent neighborhoods may be very reluctant to arrest someone for behavior that would readily cause an officer in the proverbial "high crime" neighborhood to make an arrest. A record of a prior arrest may, therefore, be as suggestive of a defendant's demographics as his/her potential for recidivism or his/her past criminality.[65]

Since its decision in *Berry*, the Third Circuit court has noted "substantial research and commentary has only reinforced the regrettable circumstances that we emphasized in disallowing consideration of bare arrest records at sentencing."[66] In particular, the Sentencing Project has released a report that pointed to "a wide body of scholarship indicating that socioeconomic factors influenced disparities in arrest rates," and that cited research indicating "that police are more likely to stop, and arrest, people of color due to implicit bias."[67]

Given the volume of precedent suggesting that prior arrests are an impermissible sentencing factor, the Superior Court's contrary line of cases is confounding. It is worthwhile to examine the origins of those cases. Notwithstanding our prohibition in *Jones* on the consideration of prior arrests at sentencing, beginning in 1973, the Superior Court has held that prior arrests are a legitimate sentencing factor so long as the trial

---

[64] *Id.* at 24-25.

[65] 553 F.3d at 285.

[66] *United States v. Mateo-Medina*, 845 F.3d 546, 552 (3d Cir. 2017).

[67] *Id.* at 553.

court recognized that arrests are not the equivalent of convictions. In *Commonwealth v. Shoemaker*,[68] the Superior Court interpreted a statutory provision that required the PSI report to include "any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence. . ."[69] The defendant argued that only records of arrests that had resulted in convictions had to be included in the PSI report.

Examining the American Bar Association Project on Standards for Criminal Justice-Standards Relating to Probation, the Superior Court observed that these standards included similar language and defined "any prior criminal record" to include only those charges that resulted in conviction, because "[a]rrests, juvenile dispositions short of an adjudication, and the like, can be extremely misleading and damaging if presented to the court as part of a section of the report which deals with past convictions."[70] Although the Advisory Committee did not believe such items should be included in the PSI report, it recommended that, if they were included, "a detailed effort should be undertaken to assure that the reader of the report cannot possibly mistake an arrest for a conviction."[71] The Superior Court found these words of caution to be well-taken, "for a sizeable percentage of arrests do not lead to convictions."[72]

Believing the phrase "prior criminal record" to be ambiguous, however, the Superior Court observed that the statute was intended to "make as much information as

---

[68]     313 A.2d 342 (Pa. Super. 1973).

[69]     *Id.* at 345 (quoting 19 P.S. § 890(d) (repealed)).

[70]     *Id.* (citing American Bar Association's Standards for Criminal Justice relating to probation (Approved Draft, 1970), § 2.3(ii)(B) (cmt)).

[71]     *Id.* at 346.

[72]     *Id.*

possible available to the sentencing judge."[73]  According to the Superior Court, the statute's use of "prior criminal record" permitted the PSI report to include all arrests, whatever the outcome, and relied upon the sound judgment of the sentencing judge in making use of the information.[74]  Examining the record before it, the Superior Court held that the sentencing court had not exercised sound judgment with respect to the defendant's prior arrests because the court had equated the prior arrests with criminal conduct.[75]  The Superior Court held that the sentencing court "should not have inferred that the arrests showed crimes," and that, in doing so, the court had ignored the danger— noted in the ABA standards—that arrests without conviction can be "extremely misleading," ignored the presumption of innocence, and based the sentence "not simply on evidence not before the court but on no evidence at all."[76]  Despite this error, the Superior Court declined to require resentencing because, that court reasoned, the sentence resulted from trial counsel's failure to dispute the sentencing court's inference by, for example, proving that one or more of the arrests had been disposed of favorably to the defendant.[77]

Relying on *Shoemaker*, the Superior Court thereafter developed a line of cases permitting the sentencing court to consider prior arrests, so long as the court does not equate arrests with convictions and does not afford these arrests undue weight.[78]  The

---

[73]    *Id.*

[74]    *Id.*

[75]    *Id.* at 347.

[76]    *Id.* at 347-348.

[77]    *Id.* at 348.

[78]    *Carr*, 262 A.3d at 570 (providing that a sentencing court may not assign "undue weight" to prior arrests); *Commonwealth v. Darden*, 531 A.2d 1144, 1149 (Pa. Super. 1987) (holding that "[p]rior connections of whatever nature, with law enforcement (continued…)

Commonwealth presently makes no attempt to defend this line of cases, and this Court has never considered them. Considering them now, we think it clear that these precedents fail to align with the law, and we disapprove them. The fact of an arrest may generate speculation, but ultimately means nothing.[79] Like other unproven conduct, prior arrests cannot be a factor upon which a sentence is predicated.[80]

The Superior Court's contrary precedents are inconsistent with our decision in *Cottle* and our rejection of arrests as a factor for the revocation of probation or parole. In *Cottle,* we held that the fact that a person had been subject to an arrest while on probation could not support a revocation sentence of incarceration.[81] For the same reason, the fact of prior arrests cannot be a factor at sentencing. In either instance, prior arrests do not support any adverse inferences. A decision to impose a sentence of incarceration must,

---

authorities are unquestionably among the circumstances to be scrutinized" in determining the appropriate sentence); *Commonwealth v. Allen*, 489 A.2d 906, 912 (Pa. Super. 1985) (rejecting the argument of sentencing court error in considering unadjudicated arrests because the sentencing court "did not treat the prior arrests as convictions or give them undue weight"); *Commonwealth v. Johnson*, 481 A.2d 1212, 1214 (Pa. Super. 1984) (holding that the sentencing court may consider a defendant's prior arrests which did not result in convictions, as long as court recognizes that the defendant was not convicted of the charges); *Commonwealth v. Palmer*, 462 A.2d 755, 761 (Pa. Super. 1983) (permitting a court to consider criminal activity or preparation for crimes as factors in sentencing even though no arrest or conviction resulted); *Bryant*, 458 A.2d at 1012 (holding that the sentencing judge did not err in considering the defendant's prior arrests when imposing sentence where the judge plainly stated that the defendant had no prior convictions as a result of the prior arrests); *Craft*, 450 A.2d at 1021 ("It has been held that a court, in imposing sentence, may consider prior arrests and concurrent charges as long as the court realizes that the defendant had not been convicted on those prior charges.").

[79] *Berry*, 553 F.3d at 284 ("A defendant cannot be deprived of liberty based upon mere speculation.").

[80] *Commonwealth v. Stufflet*, 469 A.2d 240, 243 (Pa. Super. 1983) (vacating a sentence due to the sentencing court's consideration of uncharged conduct); *Commonwealth v. Cruz*, 402 A.2d 536, 537 (Pa. Super. 1979) ("An Unsubstantiated statement that a defendant is a major drug dealer would be an inappropriate factor in a judge's imposition of sentence.").

[81] *Cottle*, 426 A.2d at 601.

like the decision to revoke probation, "be based on evidence of probative value."[82] "[M]ere arrests and indictments, without convictions . . . have no value as probative matter."[83] The Superior Court has long held that, at a revocation hearing, the Commonwealth is required to prove a violation by a preponderance of the evidence, that evidence of an arrest does not meet this standard, and that the Commonwealth must adduce some evidence about the circumstances surrounding the arrest.[84]

We conclude that the sentencing court committed an error of law when it relied upon prior arrests as a sentencing factor, a conclusion with which the Commonwealth agrees.[85] If the court imposes a sentence for a felony or misdemeanor, the court is required to "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."[86] If a sentencing court chooses to depart from the guidelines, it must provide its reasons for

---

[82] *Commonwealth v. Davis*, 336 A.2d 616, 620 (Pa. Super. 1975).

[83] *Jones*, 50 A.2d at 344.

[84] *See Commonwealth v. Banks*, 198 A.3d 391, 403 (Pa. Super. 2018) (providing that, when revocation is based upon an arrest not resulting in conviction, the Commonwealth must introduce evidence of the conduct underlying the arrest and any physical evidence)*; Commonwealth v. Sims*, 770 A.2d 346, 352 (Pa. Super. 2001) ("[W]e have found that an arrest alone, without facts to support the arrest, is not sufficient to revoke probation or parole."); *Davis*, 336 A.2d at 620 ("evidence of some facts in addition to the fact of arrest is necessary before a court may revoke probation"); *Commonwealth v. Newman*, 310 A.2d 380, 381 (Pa. Super. 1973) (holding that evidence of some facts, in addition to the fact of arrest, is necessary before a court may revoke probation); *see also* Pa.R.Crim.P. 708(B), cmt. ("The judge may not revoke probation or parole on arrest alone, but only upon a finding of a violation thereof after a hearing, as provided in this rule.").

[85] Commonwealth's Brief at 8 (recognizing that "a trial court may not consider the bare fact of an arrest in and of itself as a sentencing factor").

[86] 42 Pa.C.S. § 9721(b).

doing so.[87]  Here, the sentencing court indicated that a reason for the sentence—an upward departure from the guideline range—was Berry's arrest record.  The court's use of arrest history as a sentencing factor is incompatible with settled law establishing that arrests, without convictions, simply "have no value as probative matter."[88]

As the Commonwealth acknowledges, the sentencing court believed Berry's arrest record to be a legitimate sentencing factor.[89]  It did not predicate its reasoning upon either the federal or state Constitution.  Because we conclude that this appeal is resolved by our precedent concerning the relevance and probative value of prior arrests, we do not reach the constitutional question regarding due process.[90]

Conceding that sentencing courts may not consider "a defendant's mere record of arrests as a sentencing factor without something more," the Commonwealth argues in the alternative that, consistent with due process, the criminal conduct underlying the arrest may be considered at sentencing if it is established by a preponderance of the evidence.[91]  Berry agrees that the consideration of prior criminal conduct at sentencing requires that conduct to be established by a preponderance of the evidence.[92]

---

[87]     *Id.* (providing that, if a court departs from the sentencing recommendations contained in the Guidelines, it must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission").

[88]     *Jones*, 50 A.2d at 344.

[89]     Commonwealth's Brief at 19.

[90]     *See, e.g., Commonwealth v. Foster,* 214 A.3d 1240, 1247 n.8 (Pa. 2019) (resolving an appeal on statutory rather than constitutional grounds); *Commonwealth v. Veon*, 150 A.3d 435, 454-55 (Pa. 2016) (resolving appeal on non-constitutional grounds and avoiding the constitutional question).

[91]     Commonwealth's Brief at 13.

[92]     Appellant's Reply Brief at 1 ("Consideration [of an arrest record] is permissible as a matter of due process only if the alleged criminal conduct is established by a preponderance of the evidence.").

The Commonwealth urges this Court to conclude that a remand is unnecessary here because the sentencing court identified other sentencing factors unrelated to Berry's arrest record. The Commonwealth further asserts that the sentencing court did not rely upon any unsubstantiated prior arrests because two of Berry's prior arrests were supported by "evidence as to the underlying crimes."[93]

The requirement that a sentencing court state its reasons on the record serves to convey the factors upon which the court relied in fashioning the sentence and to ensure that sentences are not being imposed on the basis of improper sentencing factors.[94] Here, the sentencing court noted on the record several circumstances that supported the sentence. One such factor was Berry's prior arrests, a matter that we hold was not a valid sentencing factor. As the Commonwealth concedes, "the single fact that [Berry] had *more than zero* prior arrests was a factor in the court's sentencing rationale, but the facts underlying any particular arrest were not."[95] The sentencing court provided no indication on the record that, as to Berry's arrest record, it considered anything other than the fact of prior arrests. Whether and to what extent the sentencing court is permitted to rely upon evidence in the record other than a record of arrests is beyond the scope of this appeal. Accordingly, we do not reach the alternative arguments advanced by the parties about a trial court's consideration of a prior arrest where the facts underlying that arrest are established by a preponderance of the evidence.

---

[93] Commonwealth's Brief at 20.

[94] 42 Pa.C.S. § 9721(b); *Commonwealth v. Riggins*, 377 A.2d 140, 143 (Pa. 1977) ("[C]ourts have recognized the value of requiring a statement of reasons for the imposition of a particular sentence to prevent improper considerations from affecting the sentence imposed.").

[95] Commonwealth's Brief at 20.

In *Commonwealth v. Calvert*,[96] the defendant had a lengthy criminal record that included convictions that were invalid under *Gideon v. Wainwright*.[97] We held that the sentencing court improperly "g[a]ve explicit attention to appellant's criminal record, and may have increased the punishment as the result of his knowledge of it."[98] Consequently, we held that the remedy was to vacate the judgment of sentence and to remand for resentencing.[99] Where a sentencing court has considered prior arrests that did not result in convictions, the appropriate remedy likewise is a remand for resentencing without such consideration. Although it is apparent that the sentencing court considered other, legitimate sentencing factors, we cannot extricate the prior arrests from the sentencing court's analysis. The sentencing court will have to do so on remand. We vacate Berry's judgment of sentence, and we remand for resentencing.

Chief Justice Todd and Justices Donohue, Dougherty and Brobson join the opinion.

Justice Mundy concurs in result.

Justice McCaffery did not participate in the consideration or decision of this matter.

---

[96] 344 A.2d 797 (Pa. 1975).

[97] 372 U.S. 35 (1963).

[98] 344 A.2d at 799.

[99] *Id.*